297 So.2d 289 (1974)
William Charles DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 44520.
Supreme Court of Florida.
July 3, 1974.
*290 O'Gwen L. King of Hahn, Reeves, Barfield & King, Pensacola, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
James G. Mahorner, Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, Curtis A. Golden, State's Atty., and C.S. Williams, Jr., Asst. State's Atty., for amicus curiae.
McCAIN, Justice.
This appeal is taken from an order entered in the Circuit Court of Santa Rosa County, directly passing upon the constitutionality of Florida Statutes, Section 39.09(2), F.S.A., Laws of Florida, Chapter 73-231. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution, F.S.A.
Appellant, a sixteen year old child, was charged with the commission of felonies, to-wit: Grand Larceny on August 7, 10 and 11, 1973. On September 11, 1973, the State Attorney's Office filed a petition for waiver of juvenile jurisdiction alleging that there was probable cause to believe that the felonies had been committed by the appellant and that it was in the best interest of the public that juvenile jurisdiction over this child be waived in order that he might be tried as an adult.
After proper notice to all persons entitled to be notified, a hearing was held. On September 28, 1973, the Judge of the Circuit Court, Juvenile Division, entered an order of transferral to the Criminal Division, specifically finding that there was probable cause to believe that the child had committed the felonies and the public interest would best be served by the transfer.
Appellant filed a petition for rehearing alleging that pursuant to Florida Statutes, Section 39.09(2)(c), F.S.A., the Juvenile Court must determine whether there is a reasonable prospect of rehabilitating the child prior to his majority. This, it was alleged, was not done.
Appellant further alleged that pursuant to Florida Statutes, Section 39.09(2)(d), F.S.A., certain factors are to be considered by the Court in making this determination. Appellant asserted that both at the hearing and by its order the Court failed to consider the statutory factors.
Finally, appellant contended that the Court failed to set forth in writing its reasons for finding that there are no reasonable prospects for rehabilitating this child prior to his majority, as required by Florida Statutes, Section 39.09(2)(f), F.S.A.
By order dated October 11, 1973, the Judge ruled that Section 39.09(2) is unconstitutional and void, stating:
"... This Court in processing the subject petition for waiver followed the applicable rules as promulgated by the Supreme Court of Florida relating to juvenile proceedings. It is the sole responsibility of the Supreme Court of Florida to promulgate rules of judicial procedure. The Legislature may not constitutionally enact laws regulating judicial practice and procedure. Therefore, when the provisions of the Statute relating to practice and procedure collide with the rule promulgated by the Supreme Court of Florida, effect may not be given to the statute because of its constitutional trespass of the rule-making power of the Supreme Court."
The primary issue for our determination is whether a conflict exists between Rule 8.110(b)(6)(c), Florida Rules of Juvenile Procedure [Temporary] and Section 39.09(2)(c) and (d).
Rule 8.110(b)(6)(c) provides that:
"(6) Should the Court find:
"(c) That there is probable cause to believe that felony has been committed and that the child committed it, and that it is in the best interest of the public that the juvenile jurisdiction of the Court over the child be waived in *291 order that he might be tried as an adult, the Court shall enter the order provided for in Rule 8.100(c).
However as to this point the Statute provides that:
"(c) The court shall conduct a hearing on all such motions for the purpose of determining whether there is probable cause to believe the child committed the offense and whether there are reasonable prospects of rehabilitating the child prior to his majority. If the court finds there is probable cause but that there are no reasonable prospects of rehabilitating the child prior to his majority and that there are no reasonable grounds to believe he is committable to an institution or agency for the mentally retarded or mentally ill, it shall order the case transferred for criminal prosecution.
"(d) Evidence of the following factors shall be considered in determining whether there are reasonable prospects for rehabilitating a child prior to his majority:
"1. The nature of the present offense and the extent and nature of the child's prior delinquency records.
"2. The nature of past treatment efforts and the nature of the child's response to past treatment efforts.
"3. The techniques, facilities, and personnel available to the court for rehabilitation."
As to the first criterion presented in both the Rule and the Statute, that there is probable cause to believe that a felony has been committed and that the child has committed it, there clearly is no conflict. As to the second criterion, the answer is by no means obvious.
The United States Supreme Court in Kent v. United States[1] set forth eight factors which the Juvenile Court must consider in deciding whether the Juvenile Court's jurisdiction over such offenses will be waived.
In Kent, a sixteen year old child, while on probation, entered the house of a woman, took her wallet and raped her. Kent admitted his involvement after an interrogation which lasted seven hours on the day of his arrest. He volunteered information of similar offenses concerning housebreaking, robbery and rape. The Juvenile Court waived juvenile jurisdiction without a hearing and without conferring with the defendant, his parents or his counsel.
Attached to the opinion of the Court in Kent is an appendix entitled "Policy Memorandum No. 7, November 30, 1959" in which the Court states:
"Therefore, the Judge has consulted with the Chief Judge and other judges of the U.S. District Court for the District of Columbia, with the United States Attorney, with representatives of the Bar, and with other groups concerned and has formulated the following criteria and principles concerning waiver of jurisdiction which are consistent with the basic aims and purpose of the Juvenile Court Act." Id. at 566, 86 S.Ct. at 1059.
Further in this memorandum, the Court went on to enumerate the specific criteria which must be considered by the Judge in deciding whether juvenile jurisdiction should be waived, to-wit:
"1. The seriousness of the alleged offense to the community and whether the protection of the community requires waiver.
"2. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner.
"3. Whether the alleged offense was against persons or against property, *292 greater weight being given to offenses against persons especially if personal injury resulted.
"4. The prosecutive merit of the complaint, i.e., whether there is evidence upon which a Grand Jury may be expected to return an indictment (to be determined by consultation with the United States Attorney).
"5. The desirability of trial and disposition of the entire offense in one court when the juvenile's associates in the alleged offense are adults who will be charged with a crime in the U.S. District Court for the District of Columbia.
"6. The sophistication and maturity of the juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living.
"7. The record and previous history of the juvenile, including previous contacts with the Youth Aid Division, other law enforcement agencies, juvenile courts and other jurisdiction, prior periods of probation to this Court, or prior commitments to juvenile institutions.
"8. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile (if he is found to have committed the alleged offense) by the use of procedures, services and facilities currently available to the Juvenile Court." Id. at 566 and 567, 86 S.Ct. at 1060.
As to the application of these factors, the Court stated that the Juvenile Court Judge must fully develop all available information which may bear upon these factors. Although not all of these factors are applicable to the facts in a given case, the Judge is charged with considering the relevant factors in a special case before reaching a conclusion as to whether to waive juvenile jurisdiction and transfer the child to the appropriate court for prosecution as an adult.
In viewing the alleged conflict between the Rule and the Statute involved in this case in light of the pronouncement in Kent, we resolve the seeming conflict without a finding that the Statute has trespassed upon the rule making power of this Court.
The Rule merely states that a transfer should be affected when it is in "the best interest of the public", whereas the Statute expands upon this generalized language and lists criteria for what constitutes "the best interest of the public."
In reviewing the three factors found in Section 39.09(2)(d), it is clear that they are inclusive of at least five of the factors set forth in Kent. (See Kent factors 1, 2, 3, 7 and 8). The fourth factor in Kent is analogous with the requirement found both in the Rule and the Statute to the effect that there must be probable cause to believe that a felony has been committed and the child has committed it. The fifth factor in Kent although not reiterated in either the Rule or Statute, was considered by the Juvenile Court Judge in this case as evidenced by his pronouncement in the order denying the petition for rehearing, wherein he states:
"This Court takes judicial notice of its records, and those records reveal four companion larceny cases, involving a person, age 16, who has been certified to the Criminal Division of the Circuit Court, and three other persons, each age 17 years, all of whom, assuming all statements of guilt to be true, were engaged with William Charles Davis in a theft ring in Santa Rosa County."
Consideration of the sixth factor is clearly evident in the record by the filing with the Court of the Pre-Dispositional Report which contains relevant information as to the child's home and environmental situation, emotional attitude and pattern of living.
*293 Therefore the interest of the public should be measured by more than a pronouncement that the public is being protected by a transfer of the action to the Criminal Division. [See Fla. Stat. § 39.09(2) (f), F.S.A.]. The interest of the child must be considered at least equally with that of the public. The factors enumerated in Kent are intended to be guidelines for the determination of whether waivers of juvenile jurisdiction will be granted, to the same extent that the factors presented in Section 39.09(2) (d) are intended as guidelines for the determination of the public interest. The Statute must then be considered in pari materia with the Rule of this Court. Thus the provisions of the Statute are not mandatory but rather directory, to the same extent as those factors stated in Kent are not all applicable in every case but should be considered by the facts of each case individually.
Therefore that portion of the order holding that Section 39.09(2), Florida Statutes, F.S.A., is unconstitutional and void is reversed.
As to appellant's second contention that the lower court abused its discretion in certifying the appellant to the Criminal Division of the Circuit Court, it cannot be sustained by the record before this Court.
We have carefully reviewed the record in the light most favorable to the appellant and find that there was not an abuse of discretion in the lower Court's transferring the action to the Criminal Division of the Circuit Court for further proceedings as an adult. Therefore that portion of the Order waiving juvenile jurisdiction is affirmed.
The decision of the Circuit Court is therefore reversed in part and affirmed in part.
It is so ordered.
ROBERTS, Acting C.J., and ERVIN, BOYD and OVERTON, JJ., concur.
NOTES
[1] 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).