OVERTON, Justice.
These consolidated appeals are from a judgment of the Circuit Court in and for Okaloosa County following a jury trial in which the defendant, a juvenile, was found guilty of armed robbery and thereafter sentenced to 35 years.
Defendant seeks reversal of the judgment, contending the juvenile judge erred in declaring Section 39.09(2) (c), Florida Statutes 1973, unconstitutional. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution. Subsequent to the juvenile judge’s ruling, this Court rendered its decision in Davis v. State, 297 So.2d 289 (Fla.1974), upholding the constitutionality of Section 39.09(2) (c), Florida Statutes. That part of the juvenile judge’s order declaring the statute unconstitutional must accordingly be reversed.
Defendant-appellant also alleges that the juvenile judge abused his discretion in transferring him to the circuit court for trial as an adult without determining whether there was a reasonable prospect of rehabilitation prior to his reaching majority. That finding is not mandatory under Section 39.09(2) (c), Florida Statutes 1973. Davis v. State, supra.
We find no abuse of discretion in the juvenile judge’s decision to transfer the defendant to the circuit court for trial as an adult. He properly considered the elements and factors required in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Davis v. State, supra, and Section 39.09(2) (c) as construed by this Court. The record reflects that (1) two adult codefendants who participated in the robbery were separately tried in the circuit court; (2) the offense committed was a violent crime against individuals, and evidence at the transfer hearing indicated there was probable cause that the defendant had held a loaded weapon within inches of a victim’s head.
The juvenile judge also found that the Division of Corrections was as capable as the Division of Youth Services of offering defendant rehabilitative services. It is noted that the Division of Corrections may transfer youthful offenders to the Division of Youth Services for control and rehabilitation. See Section 959.116(1), Florida Statutes 1973.
The order of the juvenile judge is reversed as it applies to declaring Section 39.09(2) (c), Florida Statutes, unconstitutional.' The order of transfer and the judgment and sentence are affirmed.
ADKINS, C. J., ROBERTS, BOYD, McCAIN and DEKLE, JJ., and FERRIS, Circuit Judge, concur.