350 So.2d 344 (1976)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Division of Youth Services, and George Steadham, Appellants,
v.
Curtis A. GOLDEN, State Attorney, First Judicial Circuit, State of Florida, Appellee.
No. 46321.
Supreme Court of Florida.
February 26, 1976.
Rehearing Denied August 31, 1977.
*345 Sandra Jean Sonne and Mary E. Clark, Tallahassee, for appellants.
Curtis A. Golden, State's Atty., and C.S. Williams, Jr., Asst. State's Atty., for appellee.
OVERTON, Justice.
This is an appeal from a circuit court declaratory judgment holding unconstitutional Sections 39.03(5)(a) and (b), Florida Statutes, relating to the confinement of juveniles, and Sections 39.03(7)(a) and (b), Florida Statutes, relating to pretrial detention of a juvenile. We have jurisdiction.[1]
The state attorney for the First Circuit initiated this declaratory judgment action against the Division of Youth Services of the Department of Health and Rehabilitative Services. No individual litigant is involved in these proceedings.

Validity of Statutes Relating to Place of Detention
The trial judge held Sections 39.03(5)(a) and (b), Florida Statutes,[2] concerning juvenile detention, unconstitutional because they are in conflict with Rules of Juvenile Procedure 8.030(5) and 8.050(a)(5).[3]
It is our view that the provisions of Sections 39.03(5)(a) and (b), Florida Statutes, insofar as they concern the place of commitment or detention, establish only directory *346 guidelines for trial judges dealing with juveniles. We construe the phrase in Section 39.03(5)(a) "or neither is the proper place therefor, in the opinion of the judge" as authorizing the trial judge to determine within his discretion the place of detention. This statute should be read in pari materia with Rules of Juvenile Procedure 8.030 and 8.050.[4]
The provision of Section 39.03(5)(a), Florida Statutes, which directs the chief judge to advise the board of county commissioners of the number of juveniles committed to an adult jail facility is proper for use by the governing body of the county for fiscal and planning purposes. The provision cannot be used to interfere with the administrative operation of the court system, which is the sole responsibility of the judicial branch.

Validity of Statutes Relating to Pretrial Detention
Sections 39.03(7)(a) and (b), Florida Statutes,[5] concern the period of time a juvenile may be detained prior to a judicial hearing. These statutory sections require an initial appearance within twenty-four hours and an adjudicatory hearing within fourteen days. Our Rules of Juvenile Procedure 8.050(a) and (c)[6] require an initial appearance within forty-eight hours and an adjudicatory hearing within thirty days.
The trial judge held the rules must prevail over the statutes pursuant to the Court's constitutional rule-making power,[7] and declared the statutes unconstitutional.
This Court, under its rule-making authority, is under the obligation to establish proper procedures for criminal and juvenile proceedings which effectuate and implement constitutional and statutory rights and, to the extent possible, ensure against their violation. We have no authority to adopt rules which are primarily substantive in nature. The time limits prescribed by the juvenile rules in issue were adopted by this Court in order to comply with then-recognized *347 constitutional procedural requirements.[8]
Nevertheless, the length of time an individual may spend in confinement is substantive in nature and within the prerogative of the Legislature to the extent it does not violate a constitutional provision.[9]
In establishing a statutory twenty-four hour time period within which a juvenile must have a detention hearing, the Legislature has established a statutory right to a detention hearing speedier than that afforded by our rules. The Legislature also adopted a shorter time period within which a juvenile must be adjudicated as a dependent or delinquent child, to which the same principle applies. Although the Legislature may shorten the detention time period, it cannot lengthen the period because of Sixth Amendment constitutional infirmities.
A twenty-four hour statutory time frame may cause some juvenile courts administrative problems, but adult criminal courts have complied with the twenty-four hour first appearance rule for more than two years. The twenty-four hour period for adult criminal causes was adopted to avoid federal constitutional problems.[10]
In conclusion, we hold:
1. Sections 39.03(5)(a) and (b), Florida Statutes, are constitutional. The factors pertaining to the place of detention are directory and must be read together with the applicable juvenile rules. The trial judge has the discretion to determine the place of detention.
2. Sections 39.03(7)(a) and (b), Florida Statutes, concerning the earlier time for detention and adjudication hearings, are constitutional and prevail over Rule of Juvenile Procedure 8.050, which should be amended to conform with the statute.
The decision of the circuit court is reversed in accordance with the views expressed in this opinion.
It is so ordered.
ADKINS, C.J., BOYD and ENGLAND, JJ., and KLEIN, Circuit Court Judge, concur.
ROBERTS, J., dissents.

ON REHEARING
OVERTON, Chief Justice.
We withheld determination on rehearing because of proposed amendments to the Rules of Juvenile Procedure and proposed legislation concerning Chapter 39, Florida Statutes. Petition for Rehearing is denied.
In our initial disposition of this cause, we held the provisions of Section 39.03(5)(a) and (b), Florida Statutes (1975), establish only directory guidelines concerning the place of commitment or detention of juveniles pending adjudication. We further determined Section 39.03(5)(a), Florida Statutes, granted the trial judge the authority to determine within his discretion the place of detention. Both parties now ask whether the requirements of Section 39.03(5)(b)1.b. and 2., are absolute. The parties contend our initial opinion is unclear relative to the authority of a judicial officer to jail a juvenile offender absent a recommendation of incarceration by the Division of Youth Services. We found the statute directory only, and the court may, if it deems it necessary, require detention absent Division of Youth Services' approval.
*348 We hold the provisions of Section 39.03(5)(b)1.b. and 2. are directory only. They constitute elements which the trial judge properly should consider in making his commitment determination. Once committed to an executive agency, the agency must select among its facilities that best suited for the particular juvenile, but the court has the discretion to determine the appropriate detention or probation alternatives prescribed by statute taking into consideration the needs of both the individual and the public. He cannot be limited in this choice by the recommendation or lack of recommendation of Division of Youth Services personnel.
It is so ordered.
ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] §§ 39.03(5)(a) and (b), Florida Statutes.

"(5)(a) The judge shall not make any order directing the delivery of a child to a jail unless neither a detention home nor a licensed child-caring institution exists within the county, neither is able to receive the child, or neither is the proper place therefor, in the opinion of the judge. The chief judge, or, where a specialized division to exercise the jurisdiction given by this chapter has been created, the presiding judge thereof, shall, at monthly intervals, inform the board of county commissioners or other governing body of the county, in writing, of the number of, and the reasons for, deliveries of children to jail, identifying children by initials and court case numbers, but not names.
"(b) Commencing January 1, 1974, the judge may not make an order directing the delivery of a child to a jail or other facility intended or used for the detention of adults, except:
"1. a. When jurisdiction of the matter as a juvenile case has been waived or removed pursuant to § 39.02(6), or
"b. When the court determines, upon the recommendation of the superintendent of the detention home and an intake officer, that the child is beyond the control of the detention home staff, and
"2. The receiving facility contains a separate section for juvenile offenders and has an adequate staff to supervise and monitor the child's activities at all times."
[3] The applicable portions of Rules of Juvenile Procedure 8.030 and 8.050 are as follows:

"Rule 8.030. Ordering Children Into Custody
"If a verified petition in writing has been filed or if a written statement under oath be given the Court, stating facts showing that the welfare of the child or of the public requires that the child be taken into custody immediately, or that the child has violated a law, or the terms of his probation, the court may issue an order to a law enforcement officer or authorized agents of the Division of Youth Services, or authorized agents of the Division of Family Services, directing that the child be taken into custody.
* * * * * *
"(5) State that the child be brought immediately before the Court or be taken to a place of detention designated by the Court to be detained pending a detention hearing;"
"Rule 8.050. Detention Order
"(a) ... The detention order shall:
* * * * * *
"(5) Designate the place where the child is to be detained or the agency that will be responsible for his detention."
[4] See Davis v. State, 297 So.2d 289 (Fla. 1974), for similar construction.
[5] Sections 39.03(7)(a) and (b), Florida Statutes:

"(7)(a) Except as provided in § 959.15, no child shall be held in detention or shelter care longer than twenty-four hours, excluding Sundays or legal holidays, unless a special order so directing is made by the judge after a detention hearing finding that detention or shelter care is required based on the criteria in paragraph (c) of subsection (3). The order shall state the reasons for such finding. The reasons shall be reviewable by appeal or in habeas corpus proceedings in the district court of appeal.
"(b) No child shall be held in detention or shelter care under a special order for more than fourteen days unless an order of adjudication for the case has been entered by the court. The court may extend the special order detaining a child an additional thirty days in the case of a child covered by § 39.02(6)(c) when the grand jury fails to return an indictment within the fourteen-day period for that purpose, or when the state attorney shall give the court the notice provided for in § 39.02."
[6] R.J.P. 8.050(a) and (c).

"(a) No child taken into custody, whether by an order of Court or as otherwise provided by law, who has not been adjudicated dependent, delinquent or in need of supervision, as a result of the incident for which he is taken into custody, shall be detained longer than forty-eight hours, excluding Sundays and legal holidays, unless a detention order so directing is made by the judge, following a hearing held by the Court in the county where the child is detained... .
* * * * * *
"(c) No child under such special order shall be held more than thirty days without adjudication as a dependent or delinquent child or a child in need of supervision."
[7] Art. V, § 2(a), Fla. Const.
[8] The Sixth Amendment to the United States Constitution, prescribing speedy trial, as construed by the United States Supreme Court, does not require a specific period of time when a defendant is entitled to be heard either for a judicial determination of probable cause or for a final disposition of the proceedings. The period of delay, is however, the initiating factor in determining whether that constitutional provision has been violated. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The key factor is whether the defendant's rights have been prejudiced by any delay that has occurred. Adoption of time periods by rules or statutes was suggested to avoid multiple speedy trial problems.
[9] See Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975).
[10] Ackies v. Purdy, 322 F. Supp. 38 (S.D.Fla. 1970); Pugh v. Rainwater, 483 F.2d 778 (5th Cir.1973), aff'd in part and rev'd in part sub nom. Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).