PER CURIAM.
Appellant, a 15-year-old child, was charged in a petition for delinquency with the following counts: (1) involuntary sexual battery, (2) breaking and entering with intent to commit involuntary sexual battery, (3) involuntary sexual battery, and (4) robbery. The prosecution filed a motion for waiver of juvenile jurisdiction and certification of the case for trial as if the child were an adult, as provided in § 39.-09(2) (a), Fla.Stat. The juvenile judge granted the motion and this appeal ensued.
The thrust of the appeal is that the juvenile court erred in waiving juvenile jurisdiction and certifying the case for trial as if the child were an adult because the order of waiver fails to specify the reasons for finding that the waiver of juvenile jurisdiction was in the best interest of the public, and because the witnesses at the waiver hearing established that there were reasonable prospects of rehabilitation of the juvenile. On consideration of those contentions of the appellant in the light of the record, briefs and arguments of counsel, we conclude that they are without merit.
The order of the juvenile court in pertinent part states:
. . (T)he Court having held a hearing in accordance with Rule 8.110(c) of the Rules of Juvenile Procedures, and Chapter 39 Florida Statutes and having heard the testimony of witnesses and *642 having examined the child’s file and considered :
(1) The nature of the present offense and the extent and nature of the child’s prior delinquency records.
(2) The nature of past treatment efforts and the nature of the child’s response to past treatment efforts.
(3) The techniques, facilities and personnel available to the Court for rehabilitation.
(4) The testimony of a representative of the Metropolitan Dade County Department of Corrections and Rehabilitation concerning the present provisions within said department for the incarceration of juvenile offenders.
This Court being fully advised in the premises of the aforementioned Motion hereby finds that:
[The juvenile] is a child of fifteen (15) years of age or older. It is in the best interest of the public that juvenile jurisdiction be waived.
There is probable cause to believe that [the juvenile] did commit the crimes of two (2) counts of Sexual Battery, Breaking and Entering, and Strong Armed Robbery in the commission of a felony in violation of Florida Statutes 794.011(4), 810.01 and 813.011.
There do not exist reasonable prospects of rehabilitating [the juvenile] prior to his majority.
Metropolitan Dade County Department of Corrections and Rehabilitation operates the Dade County Jail and does not presently maintain a separate section for juvenile offenders.
Therefore, it is ORDERED AND ADJUDGED that:
The Motion for Waiver of Jurisdiction is hereby granted and this cause is transferred to the Circuit Court, Criminal Division of the Eleventh Judicial Circuit In and For Dade County, Florida.”
In our opinion, this order satisfies the due process requirements set out in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 and is in compliance with Rule 8.100(c), of the Florida Rules of Juvenile Procedure. Review of the record shows that there is ample evidence to support the conclusions of fact which are made in the order of transferral. In addition, the juvenile court complied in all respects with Rules 8.100(c) and 8.110(b), RJP, and we find no abuse of discretion in the decision to transfer the appellant to the criminal division for trial as an adult. Accord W. B. v. State, Fla.1975, 313 So.2d 711; see Davis v. State, Fla.1974, 297 So.2d 289.
Affirmed.