ERVIN, Judge.
Petitioner seeks to prohibit the trial court from trying him as an adult on the ground that the state failed to file a motion with the court within five days after a delinquency petition was filed seeking to have the child certified to the adult division of the circuit court. On December 23, 1977, a complaint was filed with the Division of Youth Services charging petitioner with various acts of burglary and he was taken into custody. On January 20,1978, a petition was filed in the juvenile division of circuit court charging petitioner with certain acts of delinquency. The petition did not include a request to waive jurisdiction to the criminal division of the circuit court. Ten days thereafter, or on January 30,1978, the state filed a motion to amend the original petition pursuant to Fla.R.Juv.P. 8.160(a) by adding to the petition a prayer for the court to waive jurisdiction to the criminal division of the circuit court. Subsequently an order was entered granting the state’s motion to amend the petition. Petitioner’s case was certified to the criminal division of the circuit court and an information was filed against him charging him with 11 counts of burglary.
The question presented is whether the court should be prohibited from trying petitioner as an adult because, as argued by petitioner, the state failed to comply with Section 39.09(2)(a),[1] Florida Statutes (1977), thus divesting the criminal adult division of jurisdiction over petitioner. Petitioner contends that if a motion is not filed within five days after the delinquency petition is filed, the juvenile division has no power to act on the motion and the ease cannot be transferred. Fla.R.Juv.P. 8.160(a), however, permits the state attorney, either within five days of the date the delinquency petition has been filed, or later with the approval of the court, to file a motion requesting the court to waive its jurisdiction and certify the case to the appropriate court for trial as if the child were an adult. Petitioner urges that the procedure set forth by Section 39.09(2) is substantive and in the event of conflict with the rule, the statute must prevail.
We decline to approve petitioner’s construction of the statute. The petitioner’s argument that conflict exists between the statute and the rule is more imagined than real. Section 39.09(2)(a) employs the permissive language. “may” in allowing the state attorney to file a motion within five days after a delinquency petition was filed requesting transfer of the child for criminal prosecution.[2] What are the consequences if *450 the state attorney fails to do so within the allotted time? The statute is silent, but we think a proper solution may be reached by reading the statute in pari materia with Rule 8.160(a), allowing the state attorney as a matter of right to file such motion within five days after the delinquency petition is filed, or later if the court, within its discretion, permits the motion to be so filed. Cf. State, Dep’t. of H. & R. Serv., etc. v. Golden, 350 So.2d 344 (Fla.1976), in which the court held Section 39.03(5)(a), permitting the trial court to enter an order directing the delivery of a child to a jail when neither a detention home nor a licensed child-caring institution within the county is the proper place to receive the child in the opinion of the trial court, should be read in pari materia with Fla.R.Juv.P. 8.030 and 8.050 which permit the court by detention order to designate the place where the child should be detained. See also Davis v. State, 297 So.2d 289 (Fla.1974).
The committee note to Fla.R. Juv.P. 8.150, pertaining to waiver of jurisdiction, states that the committee is of the opinion that Section 39.09(2)(a), allowing involuntary waiver for a child over the age of 14, goes to the jurisdiction of the court and is substantive.[3] We agree this is a proper construction of the statute as to any motion filed after a hearing has been held on a delinquency petition. Both the statute and the rule are explicit in their requirements that the motion be filed before such hearing. We believe on the other hand, by reason of the permissive language used, that the portion of the statute permitting the state attorney to move for transfer within five days after the filing of a delinquency petition is merely directory. The juvenile court is not divested from considering such motion, if filed, after the five day period with the permission of the court and before the delinquency hearing is held.
The rule nisi is discharged and the petition for writ of prohibition is denied.
MILLS, Acting C. J., and BOOTH, J., concur.

. Which provides:
The State Attorney may, within 5 days of the date a delinquency petition has been filed and before a hearing on the petition on its merits, and following consultation with the intake office, file a motion requesting the court to transfer the child for criminal prosecution if the child was 14 or more years of age at the time of the conduct charged and is alleged to have committed an act which would be a violation of law if committed by an adult. If the child has been previously adjudicated delinquent for one of the violent crimes, to wit: murder, rape or sexual battery, armed robbery, or aggravated assault, and is currently charged with a second or subsequent such offense, the State Attorney shall file a motion requesting the court to transfer the child for criminal prosecution.

. The word “shall” used in this context would normally be construed to be mandatory. Neal v. Bryant, 149 So.2d 529 (Fla.1962); White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973).

. S. R. v. State, 346 So.2d 1018 (Fla.1977), in interpreting the effect of Section 39.05(7), Fla. Stat. (1975), which provided that “petitions alleging delinquency shall be dismissed with prejudice [upon motion] if not filed within 30 days from the date the complaint was referred to the intake office . .” held that the statute’s provisions were mandatory and furnished the child with a substantive right of dismissal; thus superseding Fla.R.Juv.P. 8.020 which provided only that “the petition may be dismissed with prejudice . . .” A similar construction was placed upon Section 39.03(2), Fla.Stat. (1975), which provided that the “person taking the child into custody shall, within three days . . .” file a full written report with the Juvenile Division Intake Office. In Interest of J.W.H., 345 So.2d 871 (Fla. 1st DCA 1977). Our court there held that the statute’s three day requirement was mandatory and that the state could not circumvent its provisions by waiting an indefinite period of time before filing a complaint with the intake officer. As previously noted, here we are confronted only with a statute which permits, not mandates, the state attorney to file a motion requesting transfer within the applicable five day period.