276 So.2d 184 (1973)
STATE of Florida, Appellant,
v.
Arnett BRYANT, Appellee.
No. S-286.
District Court of Appeal of Florida, First District.
April 12, 1973.
Rehearing Denied May 8, 1973.
*185 T.E. Duncan and Kenneth C. Hebert, Gainesville, for appellant.
Jeffrey H. Barker, Asst. Public Defender, for appellee.
PER CURIAM.
The State of Florida in a criminal prosecution for lewd and lascivious behavior has taken this interlocutory appeal from an order entered by the Felony Court of Record for Alachua County, granting the defendant's motion for discharge under the speedy trial rule (Rule 3.191, Florida Rules of Criminal Procedure, 33 F.S.A.).
The basic question presented for our determination in this interlocutory appeal is whether the trial court erred in holding that the 180-day time limitation established by the said rule commences to run at the time a juvenile is taken into custody on the basis of conduct which subsequently gives rise to criminal proceedings.
"RULE 3.191. SPEEDY TRIAL
(a)(1). SPEEDY TRIAL WITHOUT DEMAND.
Except as otherwise provided by this Rule, every person charged with a crime, by indictment or information or trial affidavit, shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. A person charged with a crime is entitled to the benefits of this Rule whether or not such person has been held to answer at a preliminary hearing, or whether or not such person has waived such hearing, and whether such person is in custody awaiting trial or is at liberty on bail or recognizance. If such person is serving a sentence of imprisonment elsewhere than Florida for conviction of an unrelated crime, the operation of this section shall not be effective until such person is no longer confined. This section shall cease to apply whenever a person files a demand for speedy trial under § (a)(2)."
The timetable of events pertinent to our present consideration is as follows:
On May 17, 1972, the defendant was taken into custody as a juvenile as a result of conduct giving rise to the crime later charged (lewd and lascivious behavior).
On July 19, 1972, by order of the Juvenile Court, jurisdiction of that court was waived and the defendant was transferred to Circuit Court to be dealt with as though the child were an adult.
On August 10, 1972, an affidavit was filed against the defendant in the Circuit Court alleging that the defendant violated Sec. 800.04, Florida Statutes, F.S.A., and he was arraigned on the said charge on November 10, 1972, and his case was set to be tried on December 18, 1972.
On November 15, 1972, the defendant filed a motion for discharge pursuant to the said Rule 3.191(a)(1), alleging that he was taken into custody on May 17, 1972, as a result of the conduct giving rise to the crime charged, and was continuously available for trial after that date, and that 180 days had elapsed from the date of the original custody.
*186 In the order appealed from herein the trial court granted the defendant's motion for discharge, holding that the time limitation under the said Rule 3.191(a)(1) commenced to run at the time the defendant was taken into custody (on May 17, 1972) on the basis of conduct which gave rise to criminal proceedings; that the defendant was available; and that the fact that the Circuit Court did not have jurisdiction over the defendant prior to the waiver by the Juvenile Court of its jurisdiction did not constitute a ground for granting the State an extension of time, nor did it constitute an exceptional circumstance.
In all fairness to the trial court, we must admit that it reached a just conclusion, but we cannot say that it is a legally valid conclusion. This is so, because it is thoroughly established that proceedings in juvenile courts are not criminal, but civil in nature. This we flatly held in State v. R.E.F., 251 So.2d 672 (Fla.App. 1971).
We then hold that under the above-quoted Rule 3.191(a)(1) time spent in a juvenile detention home (a civil proceeding) cannot be counted in computing the 180-day period in the said rule.
Neither the trial court, nor this court, has the power to amend the procedural rules, for that power belongs exclusively to the Supreme Court of Florida under Section 3, Article V, of the Constitution of Florida, F.S.A.
For the foregoing reasons, the order appealed from herein is reversed and the cause is remanded with instructions for further proceedings consistent with the views set forth above.
Reversed and remanded with instructions.
SPECTOR, C.J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.