306 So.2d 592 (1975)
Gaylon E. BOATMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 73-791.
District Court of Appeal of Florida, Second District.
January 24, 1975.
*593 Jack F. White, Jr., Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Chief Judge.
Appellant attacks an order denying his motion for discharge under the speedy trial rule and his subsequent conviction for delivery and possession of marijuana. We reverse.
Appellant was initially arrested on August 4, 1972. He was fifteen years of age. Pursuant to the prescribed juvenile procedures at that time, the State filed a petition on August 16, 1972 to have him adjudicated a delinquent child.[1] Again as provided by the then existing law, appellant's mother and counsel indicated to the juvenile court, at a hearing on the petition held October 24, 1972, that they wished to waive jurisdiction in the juvenile court and have the matter transferred to the circuit court for the prosecution of appellant as an adult.[2] Because of the mother's apparent equivocation on this waiver, however, the juvenile court did not immediately transfer the matter but gave the mother one week in which to make up her mind. She procured new counsel for appellant on November 1 and thereafter, on November 16, new counsel filed a demand for jury trial serving a copy thereof on the State. Notwithstanding, no action was taken by the juvenile court to transfer the cause to the circuit court until February 12, 1973, after which an information on the instant charges was filed in the circuit court on April 3, 1973. Appellant's subsequent motion for speedy trial discharge was denied on the day of trial, May 30, and he was convicted after jury trial on that day, 299 days after he was initially arrested as aforesaid. It is only necessary to consider this aspect of the case.
Recapitulating the time periods involved we see the following: From the date of arrest, August 4, 1972, until November 16, 1972 (the date of the waiver of juvenile court jurisdiction and demand to be treated as an adult), a total of 104 days elapsed. Even if we charged appellant with "defendant caused delay," which could only be from October 24 to November 16 or 23 days (the time during which his mother and counsel were making up their minds concerning waiver), we can figure that 81 days had expired from the date of the initial arrest. When the juvenile court thereafter relinquished jurisdiction and transferred *594 the cause to the circuit court on February 12, 88 more days had passed; so at that point at least 169 chargeable days had passed from the aforesaid initial arrest. Yet another 130 days passed before he was ultimately tried and convicted.
The State would have it that since Rule 3.191 RCrP, i.e., the speedy trial rule, is merely procedural and simply prescribed an arbitrary 180-day period during which trial must be held in the case of an adult, and since there was no speedy trial rule relating to juveniles at the times material herein, no rule of substantive law requires that we apply the adult speedy trial rule in the instant case. We reject this rationale.
It is extremely doubtful, to begin with, that the speedy trial rule in its present form is purely a procedural one. Certainly a procedural right assumes aspects of a substantive right when it is denied one and given to another.[3] In any case, whatever appellant's rights were prior to his having been certified to the circuit court, when he was so certified he was an adult for all intents and purposes and all rules applicable to adults then and there came to fruition as to him. This would include, of course, Rule 3.191, supra, which obviously must be applied according to its terms. Those terms require that appellant must be brought to trial on or before 180 days from the date he was taken into custody for the conduct giving rise to the instant charges. That date was August 4, 1972. Accordingly, it was error to deny appellant's motion for a speedy trial discharge made after 180 chargeable days therefrom.
In view whereof, the judgment and sentence appealed from should be, and they are hereby, reversed with directions that appellant be released and forever discharged from further response to the charges herein.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] Section 39.05, F.S. 1971.
[2] Section 39.02(6) (b), F.S. 1971 (now § 39.02(5) (b), F.S. 1973).
[3] Cf. In re Gault (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.