GRIMES, Judge.
Appellant, who was sixteen years of age, was arrested on July 10, 1973, and booked for robbery by the Sarasota Police Department. He was referred to Sarasota County Juvenile Court where the State filed a petition requesting that appellant be adjudicated a delinquent on the basis of the robbery. On September 14, 1973, the State filed a petition in the juvenile court to transfer jurisdiction of the cause to the criminal division of the circuit court. On September 19, 1973, the juvenile court waived jurisdiction and transferred the case to the criminal division of the circuit court for trial as if appellant were an adult. An information was filed on October 10, 1973. No trial having been afforded by January 9, 1974, appellant filed a motion for discharge under the Speedy Trial Rule. The motion was denied and appellant was convicted on January 16, 1974.
In an opinion recently issued, this court in Boatman v. State, Fla.App.2d, 1975, 306 So.2d 592, under substantially similar circumstances, directed the defendant’s discharge for failure of the State to bring him to trial within 180 days of his arrest. The same principles apply here. Having elected to require appellant to be tried as an adult, the State was obligated to give appellant the same safeguards afforded other adults. Rule 3.191(a)(1), RCrP, provides that the time periods established for purposes of speedy trial shall commence when the “person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.” This occurred when appellant was arrested on July 10, 1973. More than 180 days elapsed from that date before appellant was brought to trial, and none of this delay could be attributed to the appellant.
Accordingly, the judgment and sentence are hereby reversed with directions that appellant be released and forever discharged from further response to the charges herein.
McNULTY, C. J., and HOBSON, J., concur.