SMITH, Judge.
The trial of this case was delayed 104 days while the State responded listlessly to McCraw’s untimely notice, pursuant to Rule 3.210(b), R.Cr.P., that he intended to rely on the defense of insanity. After McCraw’s motion for discharge was denied and a jury was impaneled to try him on a charge of breaking and entering with intent to commit robbery, he pleaded nolo contendere, reserving the right to appeal the denial of his discharge. He was adjudicated guilty and sentenced to a term of imprisonment.
McCraw, 17 years of age, was taken in custody January 1, 1974. On November 12, 316 days later, his trial began. His motion to dismiss for denial of a speedy trial was filed October 16 and denied October 24.
*50 During 46 days of the 316-day pretrial period McCraw was subject to the juvenile jurisdiction of the circuit court pursuant to ch. 73-231, § 23, Fla.Laws, which amended § 39.01(6), F.S.1973, to extend jurisdiction to 17 year-olds effective July 1, 1974. Those 46 days during which McCraw was unavailable for trial are therefore excluded in calculation of the 180-day period in which, pursuant to Rule 3.191, R.Cr.P., the State was obliged to bring the accused to trial. State v. Bryant, 276 So.2d 184 (Fla.App. 1st, 1973), dism, 280 So.2d 683 (Fla.1973).
At his February 4 arraignment McCraw pleaded not guilty and the trial was set for April 2. Not until March 19 did his counsel give notice of intent to rely upon an insanity defense. That notice was untimely, although not fatally so. Rule 3.-210(b) contemplates that the defendant notify the court before or at arraignment if he intends to rely on insanity as a defense but permits the introduction of evidence at the trial notwithstanding irregularities in the notice on good cause shown. The notice given March 19 in effect compelled the State to move for continuance of the trial set to begin 12 days later and, when the State made the motion for continuance, defense counsel acquiesced in the granting of it.
We previously have held that a defense motion for continuance extends the time limitations of Rule 3.191 for a reasonable period and that defense counsel’s acquiescence in a delay sought by the State has the same effect. State v. Earnest, 265 So.2d 397 (Fla.App. 1st, 1972); State v. Kelley, 322 So. 581 (Fla.App. 1st, 1975). In this case, waiver was accomplished by defense counsel’s filing of a Rule 3.210(b) notice, tardy by 44 days, which disrupted the orderly progression of the case to a trial then only two weeks distant. Appellant is in no position to insist on a formalistic application of the 180-day rule. See State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971).
It remains to be determined whether the delay of appellant’s trial for 193 days after the March 19 filing of his Rule 3.210(b) notice — disregarding the intervening 46-day period of juvenile jurisdiction — was unreasonable by the standards enunciated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See also State ex rel. Butler v. Cullen, supra, 253 So.2d at 863.
The record reveals that, after a March 25 hearing on the insanity defense notice, the State made an appointment for appellant to be examined by one of the two examining psychiatrists appointed by the court at the State’s request, that appellant kept the appointment and was examined on May 13, 1974, that appellant was never examined by the other psychiatrist and that, sometime after May 13, defense counsel notified the prosecuting attorney that the insanity defense would be dropped. Defense counsel did not, however, formally withdraw the Rule 3.210 notice filed March 19. The record contains no other information of the reason for the continued delay until July 1, when the trial court’s jurisdiction was divested by the intervention of the new juvenile law, ch. 73-231, § 23, nor any explanation of the further delay after August 16, when juvenile jurisdiction was waived, until October 16, when appellant’s demand for discharge was made.
The primary responsibility for bringing McCraw to a speedy trial rested squarely on the State. Dickey v. Florida, 398 U.S. 30, 37-38, 90 S.Ct. 1564, 1568-69, 26 L.Ed.2d 26, 31-32 (1970); Barker v. Wingo, supra, 407 U.S. at 527, 92 S.Ct. at 2190, 33 L.Ed.2d at 115. While the tardy filing of McCraw’s Rule 3.210 notice continued the trial and discontinued the 180-day counting, it did not shift to McCraw, in whole or in part, the State’s continuing responsibility to try McCraw speedily.
Although the delay following March 19 was sufficiently lengthy to require close consideration of the other fac *51 tors bearing on the reasonableness of the delay, McCraw’s decision while at liberty on bond not to demand a speedy trial and his failure to demonstrate any significant prejudice negate his claim that the delay had an unconstitutional effect. Barker v. Wingo, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; King v. State, 303 So. 2d 389 (Fla.App. 3d, 1974), cert. den., 314 So.2d 775 (Fla. 1975).
McCraw was not denied the benefits of Rule 3.191, R.Cr.P., pertaining to speedy-trial, nor those of the Sixth Amendment, made applicable to the States by the Fourteenth Amendment. His conviction is
Affirmed.
McCORD, Acting C. J., and MILLS, J., concur.