329 So.2d 309 (1976)
STATE of Florida, Petitioner,
v.
Gaylon E. BOATMAN, Respondent.
No. 46891.
Supreme Court of Florida.
March 17, 1976.
*310 Robert L. Shevin, Atty. Gen., and Davis G. Anderson, Jr., Asst. Atty. Gen., for petitioner.
Jack F. White, Jr., Clearwater, for respondent.
OVERTON, Chief Justice.
This is a petition for writ of certiorari to review the decision of the Second District Court of Appeal reported at 306 So.2d 592 (Fla.App.2d 1974). This decision conflicts with State v. Bryant, 276 So.2d 184 (Fla.App. 1st 1973). We have jurisdiction.[1]
This cause concerns the application of the speedy trial rule to a juvenile. At issue is the computation and applicability of Rule of Criminal Procedure 3.191 in circumstances where a juvenile has been certified *311 to be tried as an adult. The instant factual situation is unique. Its circumstances traverse the consolidation of the juvenile court with the circuit court under the provisions of Article V, Florida Constitution, and the initial promulgation of Rules of Juvenile Procedure, both effective January 1, 1973.
The defendant-respondent initially was picked up by juvenile authorities on August 4, 1972, for delivery of marijuana exceeding five grams in weight. On October 16, 1972, the State filed a motion in juvenile court to have him adjudicated delinquent. At the hearing on said motion on October 24, 1972, the mother of the respondent requested that the court delay its decision. The defendant-respondent was then represented by counsel. The mother indicated that she wished a transfer of the case to the circuit court, criminal division, but equivocated and asked the juvenile judge to withhold his determination until she retained and conferred with a new attorney. New counsel was employed, and he filed a demand for jury trial in the Pinellas County juvenile court on November 16, 1972. On this date the juvenile court was a separate statutory court without jury trial jurisdiction. Pursuant to the provisions of Article V, Florida Constitution, the juvenile court of Pinellas County became a division of the circuit court on January 1, 1973. On February 12, 1973, the juvenile division certified the case to the criminal division for trial, and in his order of certification the juvenile judge explained the delay as follows:
"The Court finds that this Order has been delayed for signing inasmuch as there had been a change of attorneys and an indication from the mother, Ethel Boatman, that she wished to change her mind concerning request for certification to the Circuit Court at the time of the child's appearance in Court on October 24, 1972; that after consultation with the present attorney, Jack White, Jr., it does now appear to the Court that the child and his mother are not requesting a rehearing in this matter, however, do wish that the matter be transferred to the Circuit Court as originally requested."
Information was filed in the criminal division of the circuit court on April 3, 1973. He was arraigned on April 13, 1973, and trial was set for May 30, 1973. The defendant-respondent's pretrial motion for discharge for failure to provide a speedy trial filed on May 29, 1973, was denied by the trial judge. The defendant-respondent was tried and found guilty by a jury on May 30, 1973. Although tried as an adult, the respondent was sentenced as a juvenile pursuant to Section 959.115, Florida Statutes. The respondent was released to the custody of this mother on the date of his initial arrest and either has been in her custody or released on his own recognizance during this entire proceeding.
The Second District Court reversed the trial court's denial of the defendant-respondent's discharge motion, holding that:
"... [W]hatever appellant's rights were prior to his having been certified to the circuit court, when he was so certified he was an adult for all intents and purposes and all rules applicable to adults then and there came to fruition as to him. This would include, of course, Rule 3.191, supra, which obviously must be applied according to its terms...." 306 So.2d at 594.
The Second District computed the 180 days from the date the defendant was taken into custody, August 4, 1972.
This holding indicated the defendant-respondent became entitled to discharge twelve days after certification to the circuit court for trial since 180 days, by the District Court's calculation, had expired on February 24, 1973.
No speedy trial procedural rule was applicable to juveniles in 1972, the time the respondent was taken into custody. The Rules of Juvenile Procedure, including RJP 8.120, providing for a speedy trial, *312 were effective on January 1, 1973, and although applicable at the time of the certification, the speedy trial provision was not retroactive to the date the respondent was taken into custody.
We hold that the procedural 180-day period did not commence to run for this defendant-respondent until January 1, 1973. The contention that the speedy trial period commenced to run when the demand for a jury trial was filed in a statutory juvenile court lacking jury trial jurisdiction is without merit. The demand was a nullity. The initial delay in the certification of this juvenile to the criminal division of the circuit court was occasioned by the actions of the juvenile's mother. The record reflects that subsequent delay, until February 12, 1973, was occasioned by the failure of new counsel to communicate to the court his desire for certification to the circuit court. The demand for jury trial did not adequately apprise the court of counsel's apparent desire for certification. There is no contention nor does the record establish any delay in the certification after the mother's wishes were made know to the juvenile judge.
The certification of a juvenile to be tried as an adult is an important proceeding. The juvenile judge must consider the interests of both the child and the public. Factors for consideration have been established in our statutes[2] and by case law.[3] The parent has no power to order the certification of a child to the adult court. That decision is in the discretion of the juvenile judge; however, parents' desires are a factor that should properly be considered.
The defendant has conceded there is no specific evidence of prejudice, and we can discern no aspect of the delay which is presumptively prejudicial. Accordingly, we conclude there was no Sixth Amendment denial of a speedy trial to defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).[4] The defendant-respondent does, however, contend that the Fourteenth Amendment Equal Protection Clause has been violated. He asserts the rule for adults must apply for juveniles. With this contention, we disagree. The procedural rights of juveniles and adults do differ as illustrated by the United States Supreme Court's decision in McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), where that court held no right to a jury trial existed for a juvenile. The argument concerning equal protection is unavailing in this proceeding in any event, in light of our decision that the adult speedy trial rule operated for this defendant from January 1, 1973.
We agree with the result of the First District Court in State v. Bryant, supra, cited for conflict with the instant case, but not for the reasons expressed therein. Juvenile delinquency proceedings are neither wholly criminal nor civil in nature. The United States Supreme Court has refused to simplistically categorize juvenile proceedings as either "criminal" or "civil," avoiding thereby a "wooden approach." McKeiver v. Pennsylvania, 403 U.S. at 541, 91 S.Ct. at 1984, 29 L.Ed.2d at 658 (plurality opinion). While certain federal constitutional rights obtain in juvenile *313 proceedings,[5] others do not.[6] The First District Court's decision in State v. Bryant, supra, effectively has been superseded by Rule of Juvenile Procedure 8.120, establishing a procedural right to speedy trial in juvenile proceedings.
The decision of the Second District Court is quashed, and this cause is remanded with directions to reinstate the judgment and sentence of the trial court.
It is so ordered.
ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents with an opinion, with which ADKINS, J., concurs.
BOYD, Justice (dissenting).
I respectfully dissent to the majority opinion because I consider it a violation of respondent's right of both equal protection and due process of law, as guaranteed by the Federal and State Constitutions.
If professional and hardened criminals are permitted release from incarceration because they are not tried within 180 days from time of arrest, certainly a juvenile should be accorded the same immunity.
In this case the juvenile was taken into custody and detained for an unreasonable period of time before the judicial determination was made that he be tried as an adult offender. It has been argued that juvenile confinement is actually not criminal in nature, but governmental involuntary confinement of a child can, in many instances, be more traumatic than confinement of an adult in maximum security. I am totally unable to understand why, in computing the 180-day rule, he should not be given credit for the time spent in juvenile confinement. From the inside all jails look alike.[1]
I would affirm and adopt the view expressed by the District Court of Appeal, Second District, herein reviewed.
ADKINS, J., concurs.
NOTES
[1] Art. V, § 3(b) (3), Fla. Const.
[2] § 39.02(6), F.S. (1971), was applicable at the time of this proceeding. It has since been amended by § 39.09(2), F.S. (1973), as construed by Davis v. State, 297 So.2d 289 (Fla. 1974), and Bryant v. State, 313 So.2d 711 (Fla. 1975).
[3] Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Davis v. State, supra note 2. Bryant v. State, supra note 2.
[4] Barker v. Wingo, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117, identifies four factors assessable in speedy trial determinations: (1) length of delay; (2) reason for delay; (3) defendant's assertion of right to speedy trial; and (4) prejudice from alleged denial. The latter of these is considered to be a threshold requirement.
[5] See, e.g., In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (right to counsel and a record of proceedings, right against self-incrimination); Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346, 43 LW 4644 (May 25, 1975) (right against double jeopardy); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (burden of proof beyond reasonable doubt).
[6] McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) (right to jury trial does not obtain).
[1] State ex rel. Argersinger v. Hamlin, 236 So.2d 442, 445 (Fla. 1970).