SMITH, Judge.
Shaw’s appeal presents the question of when the 180-day speedy trial period prescribed by Rule 3.191, R.Cr.P., begins to run for an accused who is initially taken into custody as a juvenile. Shaw was detained as a juvenile on October 24, 1974; juvenile jurisdiction was waived and he was held to answer in the criminal department of the circuit court on November 8, 1974; following denial of his Rule 3.191 motion for discharge, Shaw was tried and convicted of robbery on April 25, 1975, 183 days after he was taken into custody and 168 days after being waived out of the juvenile system. No extension of the period for speedy trial was sought or granted. There is no contention that any part of the delay is assessable to Shaw.
Shaw’s position is correct. When dealing with a juvenile who was taken into custody before the juvenile speedy trial rule became effective, the Supreme Court held that the accused who was tried as an adult became entitled to count the days of the adult speedy trial rule beginning on the date the juvenile speedy trial rule became effective, although that was before juvenile jurisdiction was waived. State v. Boatman, 329 So.2d 309 (Fla.1976). Both rules were effective on the day Shaw was detained. It follows that Shaw became entitled on that day to a speedy trial either as prescribed for juveniles by Rule 8.120, R.J.P., or as prescribed for adults by Rule 3.191, R.Cr.P., depending on whether he ultimately was to be tried as a juvenile or as an adult. In either case, the count began when custody began. In the absence of delay by Shaw or a timely order extending the time for trial, Rule 3.191(d)(2), (f), R.Cr.P., Shaw was entitled to be discharged. Our decision in State v. Bryant, 276 So.2d 184 (Fla.App. 1st, 1973), is no longer viable. Boatman, supra, 329 So.2d at 313. To the extent that my January 1976 opinion for the Court in McCraw v. State, 330 So.2d 48 (Fla.App. 1st, 1976), contains nondispositive language which is inconsistent with the Supreme Court’s March decision in Boatman, we of course recede from it.
REVERSED.
MILLS, Acting C. J., and AGNER, ROYCE, Associate Judge, concur.