337 So.2d 797 (1976)
STATE of Florida, Petitioner,
v.
Frederick Lamar BENTON, Respondent.
No. 46926.
Supreme Court of Florida.
September 16, 1976.
Robert L. Shevin, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., for petitioner.
Jack O. Johnson, Public Defender, and Dennis P. Maloney, Asst. Public Defender, for respondent.
OVERTON, Chief Justice.
This cause is a petition for certiorari to review a decision of the Second District Court of Appeal reported at 307 So.2d 198 (Fla.App.2d 1975). We find conflict with State v. Bryant, 276 So.2d 184 (Fla.App.1st 1973). We have jurisdiction.[1]
The respondent committed a robbery on July 10, 1973, at age 16. He was arrested the same day and was detained in a juvenile facility. On September 19, 1973, the court certified respondent for trial as an adult. On January 9, 1974, the respondent moved for discharge for failure to comply with the 180-day speedy trial rule. The trial court denied the motion. Respondent thereupon was tried and convicted in a jury *798 trial which began and ended January 16, 1974. There was no showing that any of the pretrial period was attributable to defense delay.
The Second District reversed the trial court, holding that Rule of Criminal Procedure 3.191(a)(1) applied directly to the facts, and that respondent's initial status as a juvenile was of no consequence since the State, having "elected to require appellant to be tried as an adult," owed respondent adult procedural safeguards. The District Court further said the speedy trial period commenced as prescribed in the rule, specifically, when "the `person is taken into custody ...,'" and discharged the respondent.
The State contends that the procedural 180-day period should not commence to run until the juvenile has been certified to be tried as an adult. In State v. Bryant the First District Court reversed a 1972 trial court's discharge of a juvenile defendant who had been certified to be tried as an adult. At the time of the trial court's ruling on the speedy trial motion in Bryant there was no juvenile procedural speedy trial rule, and 180 days had not elapsed from the date of the defendant's certification. The Bryant result was proper at the time,[2] but now the subsequent adoption of a juvenile speedy trial procedural rule renders the result set forth therein obsolete.
In the instant case the State knew it had 90 days to bring the respondent to an adjudicatory hearing as a juvenile,[3] or 180 days to try him as an adult. Florida Rule of Juvenile Procedure 8.120 and Florida Rule of Criminal Procedure 3.191. We recognize that the State may not proceed in the adult forum until certification, but the State must be prepared to proceed in the juvenile forum within 90 days in both misdemeanor and felony situations. In the event of certification of a juvenile to be tried as an adult it is the same offense for the same defendant, and no justification exists to restart the procedural time clock.
Our decision in State v. Boatman, supra, is related, but promulgation of the juvenile speedy trial procedural rule between the arrest and certification for trial as an adult distinguishes it. In addition, there was evidence in Boatman that portions of the delay were caused by counsel for the defendant juvenile.
In conclusion, we hold the State must be prepared to proceed to try a juvenile who has been certified to be tried as an adult within 180 days from the time he is taken into custody.
The decision of the Second District is approved, and the writ is discharged.
It is so ordered.
ROBERTS, ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] See State v. Boatman, 329 So.2d 309 (Fla. 1976), for comment on the propriety of the reason assigned in Bryant for its result.
[3] This period is applicable where the juvenile is not detained. Fla.Rule Juv.P. 8.120. Where the juvenile is detained during the proceedings, see Section 39.03(7), Fla. Stat., and State Dept. of Health and Rehabilitative Services v. Golden, Case No. 46,321 (Fla. Opinion filed February 26, 1976).