PER CURIAM.
The State seeks review of an order discharging Gray from further prosecution based upon an alleged violation of the speedy trial rule, Fla.R.Crim.P. 3.191. We reverse.
Gray, a juvenile, was taken into custody on July 18, 1977. A petition alleging delinquency was subsequently filed. On September 13, 1977, Gray filed a written waiver of “his right to a speedy trial under Fla.R.Juv.P. 8.120, on and for all counts of the petition . . .” On October 27, 1977, the juvenile court certified Gray for trial as an adult. An information for the same offense was filed November 3, 1977. On February 23, 1978, the court granted Gray’s motion for discharge.
The issue presented is: What effect does a juvenile’s waiver of his juvenile speedy trial rights have upon the 180 day speedy trial period established by Fla.R.Crim.P. 3.191(a) where the juvenile has subsequently been certified for trial as an adult for charges based on the same conduct or criminal episode as that of the delinquency petition?
State v. Benton, 337 So.2d 797 (Fla.1976) held that a juvenile who has been certified to be tried as an adult is entitled under Fla.R.Crim.P. 3.191 to be brought to trial within 180 days from the time he was initially taken into custody. Accord, State v. Hunter, 342 So.2d 81 (Fla.1977); Shaw v. State, 332 So.2d 705 (Fla. 1st DCA 1976). Under Benton, supra, the 180 day speedy trial period commenced herein on July 18, 1977, the date Gray was taken into custody. However, Benton, supra, is distinguishable from the present case since therein there was no waiver of speedy trial.
We find that Gray’s waiver of his juvenile speedy trial rights did not constitute a waiver of his right to speedy trial under Fla.R.Crim.P. 3.191. Gray’s waiver was expressly limited to the delinquency petition and waived only the right to a speedy trial as provided by the juvenile rules of procedure.
However, we find that Gray’s limited waiver filed September 13, 1977 tolled the speedy trial period from that date until October 27, 1977, when Gray was certified to be tried as an adult. Cf. Johns v. State, 340 So.2d 528 (Fla. 2d DCA 1976). Then, the speedy trial time recommenced. Thus, when the trial court granted Gray’s motion for discharge, only 176 days of the 180 days allowed had elapsed. Accordingly, we reverse the order discharging Gray from further prosecution and remand the cause for further proceedings consistent herewith.
REVERSED and REMANDED.
McCORD, C. J., and MELVIN and BOOTH, JJ., concur.