553 So.2d 1317 (1989)
J.D., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1037.
District Court of Appeal of Florida, Third District.
December 12, 1989.
*1318 Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
LEVY, Judge.
The respondent juvenile below appeals his adjudication of delinquency based upon a finding that he opposed or obstructed a police officer without violence. We reverse.
Two police officers gave chase to a speeding car containing two young males. When the car pulled into a dead-end street and its occupants attempted to flee, the officers chased the driver but lost sight of him for about one minute, after which time the officers saw the appellant walking casually between two houses, and, believing him to be the driver whom they had been chasing, apprehended and arrested him, and read him his Miranda rights.
On direct examination, the prosecutor asked one of the arresting officers "[w]hat did you do, after you apprehended the [appellant]?" The officer responded "I read him his rights, and asked him to give a statement, he refused." Defense counsel thereupon objected on the ground that this amounted to a comment upon appellant's post-arrest silence, and, simultaneously, moved for a mistrial. The court denied the motion for mistrial, but did not offer a separate ruling as to the objection. Considering the totality of the circumstances surrounding the offending comment and defense counsel's response to it, we hold that the court's actions amount to a tacit overruling of defense counsel's objection, thereby admitting the offending comment into evidence. Accordingly, it follows that the trial judge, sitting as the trier-of-fact, considered the offending comment, along with the other evidence presented during the trial, in reaching the judgment rendered in this case. Appellant was ultimately found guilty of the above-mentioned charge and adjudicated delinquent. This appeal followed.
The privilege against self-incrimination contained in the Fifth Amendment to the United States Constitution has been extended to juvenile proceedings in both Federal Courts, see In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and in State Courts, such as Florida, see State v. Boatman, 329 So.2d 309 (Fla. 1976); see generally Fla. Stat. § 39.09(1)(b)(3); Fla.R. Juv.P. 8.190(d). Florida has adopted the harmless error test when examining comments upon a defendant's post-arrest silence, State v. DiGuilio, 491 So.2d 1129 *1319 (Fla. 1986), and, accordingly, under this test, the State must prove beyond a reasonable doubt that the error of which appellant complains did not contribute to the guilty verdict. DiGuilio, 491 So.2d at 1135.
An objective view of the record reflects a factual argument that can be made in support of the appellant's innocence. In addition to the identification questions that arise from the fact that the police officers temporarily lost sight of the appellant during the foot chase, the record is devoid of any indication that the appellant was out of breath when ultimately apprehended by the officers.
We understand the State's position to be that, inasmuch as the trial which we review here was a non-jury trial, the trial judge certainly knew to disregard the comment and, accordingly, we can rest assured that he has done so. The standard which the State urges would, then, be nothing more than one which requires this court's subjective interpretation of what the trial judge did or did not consider, inasmuch as the record presented for review is silent on this point. We respectfully decline the State's invitation, and prefer, as indicated above, instead to hold to an objective interpretation of the evidence presented in the record on review. When the record is examined in this light, two facts are clear: first, the quoted comment was, in fact, made; and, second, this court cannot find beyond a reasonable doubt from the record, as DiGuilio requires, that the error complained of did not contribute to the adjudication of delinquency. Accordingly, the adjudication must be reversed and the matter remanded for a new trial.
Reversed.