PER CURIAM.
Steven Dempsey petitions for a writ of prohibition seeking review of the denial of his motion for discharge and to prevent his prosecution based on an alleged violation of the speedy trial without demand rule. Fla. R.Crim. P. 3.191(a). A writ of prohibition is an appropriate remedy “where an accused has been denied his right to a speedy trial and his motion for discharge has been denied.” Sherrod v. Franza, 427 So.2d 161, 163 (Fla.1983).
We agree with the trial court that, based on his failure to appear in delinquency proceedings which were based on the same criminal episode, petitioner was “unavailable for trial” and waived his right to discharge. Fla. R.Crim. P. 3.191(j). We deny the petition.
Petitioner was initially charged in juvenile delinquency petitions with two separate burglaries and grand theft. Notice of the arraignment was served on petitioner’s mother, his listed guardian, at her place of employment. See § 48.041(l)(a), Fla. Stat. (2010) (providing that service of process on a minor may be accomplished by serving a parent or legal guardian). Petitioner failed to appear at arraignment and pickup orders issued. Petitioner then turned nineteen years old which deprived the court of jurisdiction to proceed in delinquency. See generally State v. Griffith, 675 So.2d 911 (Fla.1996); § 985.0301(5)(a), Fla. Stat. (2010).
Two hundred and three days after the date petitioner had initially been taken into custody for this conduct, the State filed felony informations charging petitioner in adult court for the same conduct. Petitioner moved for discharge because the State had not filed the charges within the 175-day speedy trial without demand period that applies to felonies. State v. Williams, 791 So.2d 1088, 1091 (Fla.2001).
The trial court denied the motion ruling that petitioner’s failure to appear in the juvenile delinquency proceedings amounted to unavailability for trial which waived the right to discharge. Fla. R.Crim. P. 3.191(j)(3); Fla. R.Crim. P. 3.191(k) (“A person is unavailable for trial if the person or the person’s counsel fails to attend a proceeding at which either’s presence is required by these rules ... ”). Petitioner argues that the failure to appear and resulting waiver in the juvenile proceedings does not apply to the adult proceedings. *930 State v. Gray, 370 So.2d 432, 433 (Fla. 1st DCA 1979). We reject this argument. The First District Court of Appeal’s decision in Gray is not controlling.
In State v. Nelson, 26 So.3d 570 (Fla. 2010), the Florida Supreme Court considered the effect of a speedy trial waiver in juvenile court on subsequently-filed adult charges for the same conduct. The Court held that the defense continuance in juvenile court (which waived the right to discharge) applied to the subsequently-filed adult charges: “This waiver [the waiver in juvenile court] is construed as an ongoing waiver of speedy trial rights as to all charges which emanate from the same criminal episode, including any newly filed charges arising out of the incident.” Id. at 576 (emphasis in original) (applying Stewart v. State, 491 So.2d 271, 272 (Fla.1986)).
Petitioner’s failure to appear in the juvenile delinquency proceedings, and the resulting waiver of the right to discharge under speedy trial rules, applies to all charges emanating from that same criminal episode, including the subsequently-filed adult charges. As the Court emphasized in Nelson, “[A] defendant has a right to speedy trial, not a right to speedy discharge without trial.” 26 So.3d at 576.
Petitioner argues that the State failed to show unavailability or willful failure to appear in the delinquency proceedings. Pursuant to Rule 3.191(k), no presumption of unavailability attaches based on a failure to appear. If the State objects to discharge, the initial burden is on the State to present “any evidence tending to show nonavailability.” Fla. R.Crim. P. 3.191(k). The burden then shifts to the defense to “establish, by competent proof, availability during the term.” Id.
The State adduced sufficient evidence tending to show nonavailability. See, e.g., McMullen v. State, 331 So.2d 357 (Fla. 1st DCA 1976) (holding that State produced sufficient evidence to make a prima facie showing of unavailability based on defendant failing to respond to a notice of arraignment that was mailed to defendant). The defense did not produce, or attempt to produce, any proof of availability or that defendant did not. willfully fail to appear.
The defense does not dispute that service of notice on petitioner’s mother sufficed for a finding of waiver based on failure to appear in the juvenile delinquency proceeding but argues that nothing short of actual notice can suffice in the context of the adult speedy trial rules. However, actual notice is not absolutely required under the adult rules. Thompson v. State, 1 So.3d 1107, 1110-11 (Fla. 4th DCA 2009), rev. denied, 14 So.3d 1004 (Fla.2004).
Petitioner is not entitled to speedy discharge without trial. He may demand speedy trial if that is what he desires.

The petition is denied.

MAY, C.J., GROSS and TAYLOR, JJ., concur.