SMITH, Judge.
The State appeals from an interlocutory order of the Escambia County circuit court, juvenile division, rescinding its prior order which waived juvenile jurisdiction and certified D.R.S. for trial as an adult in the criminal division on charges of robbery and conspiracy to commit robbery. The State urges that the criminal and juvenile divisions of circuit court are distinct jurisdictions, State v. Robinson, 336 So.2d 437 (Fla. 2d DCA 1976), and that neither the criminal division judge who ordered the case remanded to juvenile division for reconsideration of the waiver order nor the juvenile division judge who there reconsidered that order had jurisdiction to do so. Three months passed between the waiver and remand orders.
Without foreclosing the existence of other circumstances in which a circuit court may before a juvenile’s felony trial properly reconsider a waiver order ending juvenile division jurisdiction, we find ample reason for that action in this case, in which the waiver order did not state reasons why the best interest of the public required juvenile jurisdiction to be waived. Such a statement is required by Fla.R.Juv.P. 8.100(c). The waiver order’s sole recitation on that subject was that “the defendant through his attorney stipulates probable cause.” The circuit court was correct in considering that recitation inadequate and in causing *318 reconsideration of the waiver order on substantial evidence that reasonable prospects do exist to rehabilitate this juvenile. See Rice v. State, 311 So.2d 193 (Fla. 2d DCA 1975). Contrast J.M.D. v. State, 328 So.2d 521 (Fla. 3d DCA 1976); O.A.H. v. State, 332 So.2d 641 (Fla. 3d DCA 1976). Possible prejudice to the State arising from the speedy trial rule, Fla.R.Crim.P. 3.191, was alleviated by the juvenile’s waiver of that Rule’s benefits and by orders tolling the Rule.
No error having been demonstrated, the interlocutory appeal is DISMISSED. Fla. App.R. 4.2 c.
RAWLS, Acting C. J., and ERVIN, J., concur.