356 So.2d 928 (1978)
Everette D. ALDERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1314.
District Court of Appeal of Florida, Second District.
March 29, 1978.
*929 Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant Alderman pled nolo contendere to the misdemeanor offense of receiving stolen property, reserving the right to appeal the denial of his motion to suppress certain evidence. The trial judge withheld adjudication and placed appellant on probation for one year. This appeal ensued.
The facts leading up to appellant's arrest were these: Four police officers were investigating appellant's next-door neighbor concerning two stolen motor vehicles. While at the neighbor's residence, they noticed an automobile with the engine and interior missing parked in appellant's driveway. Becoming suspicious, Detective Delisle asked appellant if he could check the identification number on the car. Appellant said he was welcome to do so.
Delisle checked the identification plate on the door and discovered that it was attached with pop rivets rather than spotwelded as it should have been. In addition, the portion of the manufacturer's identification number, which indicates the type of vehicle to which it is attached, did not match the actual model of the car. These circumstances indicated to the officers that the car's identification number had been altered.
At this point, the officers impounded the car and had it towed to a garage. There the hidden, or confidential, identification number of the vehicle was located. A check of this number through the police computer revealed that the automobile had indeed been stolen.
Appellant argues that any evidence derived from the impoundment of the car should have been suppressed because no search warrant was obtained. We do not agree.
The evidence of tampering with the car's identification plate, which was obtained with appellant's consent, was clearly sufficient to establish probable cause for the officers to believe that the car had been stolen. In State v. Parnell, 221 So.2d 129, 131 (Fla. 1969), Justice Roberts, speaking for the court, said:
It is well settled that when an officer, while engaged in performing his lawful duties, observes contraband items or goods that he has probable cause to believe are stolen, such goods may be seized without a search warrant and are admissible in evidence.
See also State v. Ashby, 245 So.2d 225 (Fla. 1971). We think these cases control the instant case and demonstrate that the trial court did not err in refusing to suppress the evidence against appellant.
Appellant also complains that the trial court could not have legally placed him on probation for one year. We agree. Although the state charged appellant with the felony offense of receiving stolen property, appellant was allowed, as a result of a plea bargain, to plead nolo contendere to the *930 second-degree misdemeanor under Section 812.031(3), Florida Statutes (1975). The maximum term of imprisonment for a second-degree misdemeanor is sixty days. Section 775.082(4)(b), Florida Statutes (1975). And while probation cannot normally be extended beyond the maximum permissible sentence, the statute does permit the court to place a defendant on probation for six months in a misdemeanor case. Section 948.04, Florida Statutes (1975); Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). It follows that appellant's probationary period was in excess of the maximum provided by law.
Accordingly, the order withholding adjudication of guilt and placing appellant on probation is affirmed, but the cause is remanded for modification of the term of probation consistent with this opinion.
BOARDMAN, C.J., and DANAHY, J., concur.