PER CURIAM.
Defendant, William Rose, appeals an order revoking his probation and sentencing him to 2Vz years in prison followed by five years probation.
On February 2, 1975 William Rose was charged by information (# 75-1320) with (I) possession of a controlled substance, eth-chlorvynol, in violation of Section 893.13, Florida Statutes (1975); and (II) possession of a habit forming, toxic or harmful drug, glutethimide, without a valid prescription in violation of Section 500.151, Florida Statutes (1975). Subsequently, on April 11, 1975 Rose was charged by information (# 75-3858) with (I) possession of a controlled substance, ethchlorvynol (placidyl) in violation of Section 893.13, Florida Statutes (1975); and (II) possession of a controlled substance, ethchlorvynol, in a container other than that in which it was lawfully dispensed in violation of Section 893.-13(2)(a)(7), Florida Statutes (1975). At a hearing on May 9 Rose changed his pleas from innocent to guilty as to both informa-tions.
He was sentenced on information # 75-1320 as follows: as to Count I, six months in jail; and as to Count II, two years probation to commence at the expiration of the sentence in Count I. With respect to Counts I and II, in information # 75-3858 Rose was given the same sentences as in information # 75-1320, to be served concurrently. After his release from jail, an affidavit of violation of probation was filed against Rose on November 15, 1976. A revocation hearing was held and at the conclusion, the trial judge revoked Rose’s probation. On information # 75-1320 (Count II) he was sentenced to five years probation with a term of 2V2 years imprisonment as a special condition of probation. On information # 75-3858 (Count II) he was sentenced to a one-year period of incarceration to run concurrently with the sentence imposed with respect to information # 75-1320.
Rose appeals the revocation of probation and sentences alleging that the court was without jurisdiction to revoke his probation because the maximum authorized probationary period (which was six months) had already expired at the time the revocation of probation affidavit had been filed. Rose argues that on May 9, 1975 he pled guilty to Counts I and II contained in information # 75-1320; and that Count II, possession of a habit forming drug without a prescription, is a misdemeanor of the second degree.[1] The maximum authorized probationary term for a misdemeanor of the second degree is six months. See Section 948.04, Florida Statutes (1975) and Alderman v. State, 356 So.2d 928 (Fla. 2d DCA 1978). The imposition of the two-year period of probation was unlawful and, therefore, the six-month maximum authorized probation as to Count II commenced after service of his six-month period of incarceration imposed by Count I. Rose then calculates that his probation expired on May 15, 1976, six months prior to the filing of the affidavit of violation of probation on November 15, 1976. Rose presents a similar argument with respect to his conviction on Count II of information # 75-3858.
*1027 We cannot agree with Rose’s arguments because his calculations are erroneously based upon the premise that he began to serve his concurrent sentences on May 9, 1975 and the ensuing probationary terms commenced on November 9, 1975. The record at the revocation of probation hearing reflects that Rose was released from jail in June, 1976 and, therefore, the November 9, 1976 affidavit of violation of probation was filed within the time period Rose was serving his probation. Thus, the trial court had jurisdiction to revoke his probation. See e. g. Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978).
Rose for his second point on appeal contends that the trial court erred in imposing a sentence of five years probation with 2V2 years imprisonment as a special condition after revoking his probation as to Count II of information # 75-1320. We find this point well taken.
As pointed out above, possession of a harmful drug without a valid prescription is a misdemeanor of the second degree with a maximum of six months imprisonment or six months probation. See State v. Holmes, 360 So.2d 380 (Fla.1978); Waits v. State, 328 So.2d 223 (Fla. 2d DCA 1976).
Accordingly, the sentence imposed on Count II of information # 75-1320 is reversed and the cause is remanded to the trial court for imposition of a new sentence not inconsistent herewith.
In all other respects the order revoking probation and sentence, imposed on information # 75-3858 are affirmed.
Affirmed in part, reversed in part.

. Sections 500.151 and 500.24(1), Florida Statutes (1975).