391 So.2d 330 (1980)
Eddunio CORRALIZA, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1355.
District Court of Appeal of Florida, Third District.
December 16, 1980.
Bennett H. Brummer, Public Defender and Rory S. Stein and Joseph C. Segor, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and NESBITT, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
PER CURIAM.
The final orders under review which withhold adjudication and place the appellant on five years probation in this criminal cause are affirmed, save for the order imposing five years probation for the crime of petit theft in circuit court case no. 79-2411 which shall stand reversed, upon a holding that (a) the legal issue concerning the validity of the juvenile bindover order, which was sought to be preserved for appeal by the entry of appellant's nolo contendere plea below, is not dispositive of the case as a reversal thereof would not result in appellant's discharge from the cause but a remand for either a rehearing or retrial in the juvenile division of the circuit court, and, accordingly, the issue sought to be preserved is not properly before us, Brown v. State, 376 So.2d 382 (Fla. 1979); see Woods v. State, 369 So.2d 632 (Fla. 4th DCA 1979); Mitchell v. State, 351 So.2d 1142 *331 (Fla. 1st DCA 1977); State v. D.R.S., 344 So.2d 317 (Fla. 1st DCA 1977); Spencer v. State, 332 So.2d 30 (Fla. 1st DCA 1976); and (b) the imposition of five years probation for the crime of petit larceny as a second degree misdemeanor [§ 812.014(2)(c), Fla. Stat. (1979)] constitutes fundamental error because it exceeds the maximum probationary term for a second degree misdemeanor which is six months. Rose v. State, 369 So.2d 1025 (Fla. 3d DCA 1979); Alderman v. State, 356 So.2d 928 (Fla.2d DCA 1978); § 948.04(1), Fla. Stat. (1979). The trial court may upon remand correct the sentence on the petit theft conviction in circuit court case no. 79-2411 without requiring the presence of the appellant.
Affirmed as modified.