HOBSON, Judge.
John Grant Winkle appeals an order of the trial court adjudicating him guilty of petit theft,[1] withholding imposition of sentence and placing him on six months probation on condition that he serve the maximum sixty-day jail term for the petit theft conviction. We reverse the split sentence probation alternative.[2]
Our supreme court held in State v. Holmes, 360 So.2d 380 (Fla.1978), that the combined periods of incarceration and probation imposed as a “true” split sentence alternative[3] must be within the maximum period of incarceration provided by the statute for the offense involved. We believe that the Holmes holding should also apply to a split sentence probation order because the decision is based upon a reading of section 948.01(4), Florida Statutes (1981).[4] This statute not only authorizes the imposition of a “true” split sentence order when read alone, Holmes, but also authorizes the imposition of a split sentence probation order when read in conjunction with sections 948.01, 948.03(1) and (3). See Villery v. Florida Parole & Probation Commission, 396 So.2d 1107, 1109 (Fla.1981). In addition, the court stressed in Villery that incarceration as a condition of probation serves as an incident of probation to give the defendant “a taste of prison”; it must not serve as “the main course.” Id. at 1110-11. A maximum term of incarceration as a condition of probation can hardly be characterized as an incident of probation.
We therefore hold that the combined periods of incarceration and probation imposed as a split sentence probation alternative must be within the maximum term of imprisonment provided by the statute for the crime involved. Thus, the trial court in this case lacked the authority to impose as a condition of probation the maximum jail term for the petit theft conviction.
Accordingly, we reverse the split sentence probation order and remand with directions that the trial court either impose sentence or place appellant on probation in a manner not inconsistent with this opinion.
REVERSED and REMANDED.
OTT, C.J., and RYDER, J., concur.

. We presume that this is appellant’s first conviction for petit theft since the record-on-appeal and the parties’ briefs do not indicate otherwise. A first conviction for petit theft is a misdemeanor of the second degree punishable by either a definite term of imprisonment not exceeding 60 days or a fine not exceeding $500. See §§ 812.014(2)(c), 775.082(4)(b), 775.-083(l)(e), Fla.Stat. (1981).

. A split sentence probation alternative is not a sentence. See Villery v. Fla. Parole & Probation Comm’n, 396 So.2d 1107, 1109-10 (Fla.1981).

. A “true” split sentence alternative is a sentence imposing a specified period of incarceration to be followed by a specified period of probation.

. Section 948.01(4) provides in full:
948.01 When Courts May Place Defendant on Probation.—

(4) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.