PER CURIAM.
We have before us an appeal of the order denying appellant’s Rule 3.800(a), Fla.R. Crim.P. motion to correct sentence. Appellant has pending as well a petition for writ of habeas corpus in which petitioner alleges that he is being illegally required to remain on probation. We elect to consolidate these cases for purposes of disposition and treat the habeas corpus petition as appellant’s initial brief and the response to our show cause order as respondent’s answer brief. Upon consideration of the probation order we find it to be valid, and affirm.
Appellant was convicted by a jury of the second degree misdemeanor of trespass in a structure. At the subsequent sentencing proceeding, the court adjudged appellant guilty and placed him on six months’ probation. As a condition of probation, the court required that appellant spend sixty days in the county jail, and, upon release, serve eight weekends of alternative community service. Appellant then filed the motion to correct sentence herein appealed, which was denied. Subsequent to his appeal of the order, but prior to filing the petition for habeas corpus, appellant completed the 60 days jail time condition of his probation. Appellant points out that § 775.082(4)(b), Florida Statutes (1983), sets the maximum sentence for a second degree misdemeanor at 60 days. He contends that, since he has been required to serve that period as a condition of his probation, he cannot properly be required to remain on probation and that the order requiring him to do so, including community service requirements, should be reversed. We cannot agree.
A court may properly impose a period of incarceration as a condition of probation. Section 948.03(1), Florida Statutes (1983),[1] establishes certain specified terms and subsection (4) of that statute provides: “The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper.” The courts have also approved the use of a split sentence probation alternative. In State v. Jones, 327 So.2d 18 (Fla.1976), the court held that a term of incarceration for a specific period of time within the maximum allowable sentence was a proper condition of probation, so long as, in the event probation was revoked, the defendant was given credit for any period of time spent in jail pursuant to the split sentence probation order. Id. at 25. In Villery v. Florida Parole and Probation Commission, 396 So.2d 1107, 1110 (Fla.1980), the court modified the Jones holding, finding that:
incarceration, pursuant to the split sentence alternative found in sections 948.-01(4) and 948.04(2) [now 948.01(8) and 948.03(4), respectively], which equals or exceeds one year is invalid. This ap *22 plies to incarceration as a condition of probation....
Id. at 1111 (e.s.). Villery, then, apparently finds permissible the requirement of up to, but not including, one year of incarceration as a condition of probation; the 60-days incarceration imposed as a condition of probation herein is within this limit, which limit is, of course, also subject to the maximum term of incarceration prescribed for the specific offense in question. The fact that the period of incarceration required herein equals the maximum allowable sentence for appellant’s offense is not fatally objectionable, as it is clear that incarceration as a condition of probation does not constitute a sentence. Villery, supra at 1110. The court explained:
A sentence and probation are discrete concepts which serve wholly different functions. Imposed as a sentence, imprisonment serves as a penalty, as a payment of defendant’s ‘debt to society.’ Imposed as an incident of probation, imprisonment serves as a rehabilitative device to give the defendant ‘a taste of prison’ in order to graphically demonstrate what is likely to happen to him should he violate the terms of that probation.
Id. at 1110 (citation omitted).
One final objection to this order must be addressed. Section 948.06, Florida Statutes (1983), provides that, on revocation of probation, the court shall “impose any sentence which it might originally have imposed before placing” defendant on probation. Villery, supra, directs that “in revoking probation and sentencing the probationer, credit must be given for time spent incarcerated pursuant to a split sentence probation order.” Id. at 1107. It might be argued that, because appellant, as a condition of probation, has already spent the maximum amount of time in jail to which he could have been sentenced under § 775.082(4)(b) (60 days), the lower tribunal would have to discharge appellant upon a finding that he had violated his probation, i.e., because of the credit he would receive against any sentence for the time he has already served. We conclude that this is not the case. Section 775.-083(1), Florida Statutes (1983), provides, in part: “A person who has been convicted of an offense other than a capital felony may be sentenced to pay a fine in addition to any punishment described in § 775.082; ...” Subsection (l)(e) sets the maximum fine for a second degree misdemeanor at $500. Should appellant violate his probation, the court could not sentence him to a term of incarceration any greater than that already served and to be credited. However, the court could properly require payment of the fine which it could have imposed “in addition to any punishment described in § 775.082 [60 days imprisonment].” We therefore find nothing illegal in the probation order entered here, whatever objections may be raised to the disproportionate length of the incarceration period for rehabilitation purposes. Cf, Winkle, infra.
We certify, pursuant to Art. V, § 3(b)(4), Florida Constitution (1983), that this decision is in direct conflict with that of the Second District Court of Appeal in Winkle v. State, 422 So.2d 984 (Fla. 2d DCA 1982). That case involved a factual situation identical to the one herein. Appellant had received a six-month period of probation, and, as a condition thereof, was required to serve 60 days in jail, the maximum sentence allowable for his crime. The court found controlling the decision in State v. Holmes, 360 So.2d 380 (Fla.1978), which held that, when a defendant is sentenced to a period of incarceration followed by a period of probation (split sentence), “the combined periods at the time of the original sentence cannot exceed the maximum period of incarceration provided by statute for the offense charged.” Id. at 383. The Winkle court found Holmes equally applicable to the situation before it and held that, “the combined periods of incarceration and probation imposed as a split sentence probation alternative must be within the maximum term of imprisonment provided by the statute for the crime involved.” Winkle, at 985. We do not find Holmes controlling, in view of the fact that the *23 court therein addressed a sentence of a term of incarceration followed by probation and not, as here, a period of incarceration as a condition of probation. We therefore do not follow the Winkle decision, and affirm the probation order herein appealed.
MILLS and WENTWORTH, JJ., and McCORD (Retired), Associate Judge, concur.

. 948.03 Terms and conditions of probation or community control.—
(1) The court shall determine the terms and conditions of probation or community control and may include among them the following, that the probationer or offender in community control shall:
(a) Report to the probation and parole supervisors as directed.
(b) Permit such supervisors to visit him at his home or elsewhere.
(c) Work faithfully at suitable employment insofar as may be possible.
(d) Remain within a specified place.
(e) Make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court. The court shall make such reparation or restitution a condition of probation, unless the court determines that compelling and extraordinary reasons exist to the contrary.
(f) Support his legal dependents to the best of his ability.
(g) Make payment of the debt due and owing to the state under s. 960.17, subject to modification based on change of circumstances.
(h) Pay any attorney’s fees and costs assessed under s. 27.56, subject to modification based on change of circumstances.
(i) Not associate with persons engaged in criminal activities.