484 So.2d 581 (1986)
Curtis SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 65119.
Supreme Court of Florida.
March 6, 1986.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and John W. Tiedemann and Patricia Conners, Asst. Attys. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
The district court has certified that its decision in this case, Smith v. State, 448 So.2d 20 (Fla. 1st DCA 1984), is in direct conflict with a decision of another district, Winkle v. State, 422 So.2d 984 (Fla. 2d DCA 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Smith was convicted of a second-degree misdemeanor, trespass in a structure. The trial judge withheld sentence and placed Smith on six months probation. Smith was to serve sixty days in jail as a condition of probation, and, upon release, serve eight weekends in alternative community service. Smith filed an unsuccessful motion to correct sentence, arguing that because his sixty-day incarceration was the maximum sentence for a second-degree misdemeanor, he could not be subject to probation beyond that period. He appealed, and, upon release from incarceration, he also filed a petition for a writ of habeas corpus for relief from the remainder of the probation conditions. The district court consolidated the proceedings and found the action of the trial judge proper.
The court certified conflict with Winkle over the effect of State v. Holmes, 360 So.2d 380 (Fla. 1978). Holmes held that a defendant may not be sentenced to a period of incarceration followed by probation for a period greater than the total period of incarceration allowed by law. The Winkle court held this to control even when, as in Winkle and the case sub judice, sentence is withheld and incarceration is imposed, not as a sentence, but as a condition of probation. The district court in this case found that withholding sentencing permitted the court to distinguish Holmes and allow the probation terms imposed here.
The narrow question presented in the conflict between Smith and Winkle is whether a second-degree misdemeanant may be placed on probation for more than sixty days when a period of incarceration is imposed as a condition. The question arises because the statutes provide for a sentence of up to sixty days in jail, but up *582 to six months on probation.[1] Strict adherence to Holmes would result in a maximum period of probation of 60 days if incarceration is imposed as a condition of probation, but six months if no incarceration is imposed. This is the only degree of crime for which the maximum time for probation is greater than that for imprisonment. We hold that probation may be imposed for a maximum of six months, with a maximum period of incarceration of 60 days, approving Smith and disapproving Winkle.
In State v. Jones, 327 So.2d 18 (Fla. 1976), we discussed the two ways by which a trial court may impose a split sentence. The trial judge has the general authority to impose incarceration as a condition of probation pursuant to section 948.03, Florida Statutes (1973). Section 948.03 enumerates the conditions of probation which may be imposed, but does not include incarceration. However, section 948.03(4) provides "[t]he enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper," and it is under this provision that we found authority to impose incarceration as a condition of probation. See also Lewis v. State, 298 So.2d 540 (Fla. 4th DCA 1974); State v. Williams, 237 So.2d 69 (Fla. 2d DCA 1970).
The second type of split sentence, the "true" split sentence, we found in Jones to be authorized by section 948.01(4), Florida Statutes (1973) (codified as amended at section 948.01(8), Florida Statutes (1983)), which allows the judge to sentence a defendant to incarceration for some portion of the total period of imprisonment for which the defendant could be sentenced, withholding the remainder of sentence and imposing probation.
In State v. Holmes, 360 So.2d 380, 383 (Fla. 1978), we held:
(1) that a trial judge is authorized by Section 948.01(4) [now 948.01(8)] to sentence a defendant to a period of incarceration followed by a period of incarceration followed by a period of probation; (2) that the combined periods at the time of the original sentence cannot exceed the maximum period of incarceration provided by statute for the offense charged... .
(Emphasis added.) Obviously, Holmes addressed only the "true" split sentencing situation. The conflict in the instant case arises because the Second District, in Winkle, accepted the rationale of Holmes as applicable to incarceration as a condition of probation. The Smith court, on the other hand, found the distinction between the two types of split sentence to be sufficient to justify rejecting the Holmes rationale. We agree with the Smith court that the distinction is valid and dispositive in this case.
In Holmes, we determined the legislature intended to prevent "stacking" probation on top of a maximum sentence of incarceration. Holmes was based, in part, on repeal of specific statutory authority to impose probation for a period beyond a maximum sentence. The case was decided in the context of "true" split sentences for crimes where the maximum period of probation was less than the maximum sentence of incarceration. The contrary and unique probation to sentence ratio here dictates *583 a different outcome. The legislature clearly intends six months probation, and incarceration may be imposed as a condition of the probation.[2]
We therefore approve the decision of the court in Smith and disapprove the decision in Winkle. We do not decide what should be the appropriate periods of incarceration imposed as a sentence followed by probation, under a "true" split sentence pursuant to section 948.01(8). The issue is not before us, but we question whether strict adherence to Holmes would truly implement the intent of the legislature. Accordingly, the decision of the lower court is approved.
It is so ordered.
BOYD, C.J., and ADKINS and SHAW, JJ., concur.
OVERTON and McDONALD, JJ., dissent.
NOTES
[1] 775.082(4)(b), Fla. Stat. (1983) (sixty days imprisonment); § 948.04 (six months probation). Section 948.04(1) provides that "[d]efendants found guilty of misdemeanors who are placed on probation shall be under supervision not to exceed 6 months unless otherwise specified by the court." While we have not examined the effect of the "otherwise specified" language, the district courts have. In Alderman v. State, 356 So.2d 928 (Fla. 2d DCA 1978), the court held that six months was the maximum period of probation permitted for second degree misdemeanors. The trial judge had withheld adjudication of guilt pursuant to section 948.01(3) and imposed a one-year probationary period. The district court observed that "probation cannot normally be extended beyond the maximum permissible sentence, [but section 948.04] does permit the court to place a defendant on probation for six months in a misdemeanor case." Id. at 930. See also Holloway v. State, 393 So.2d 1185 (Fla. 2d DCA 1981); Corraliza v. State, 391 So.2d 330 (Fla. 3d DCA 1980) review denied, 399 So.2d 1141 (Fla. 1981); cf. McNulty v. State, 339 So.2d 1155 (Fla. 1st DCA 1976) (finding that the open-ended provision of 948.04(1) does not authorize probation for misdemeanors for an unlimited time).
[2] In Chapter 85-288, section 15, Laws of Florida, the legislature amended section 948.03 and for the first time expressly recognized that incarceration may be a condition of probation. Section 948.03(4) was amended with the addition of following sentence: "However, if the court withholds adjudication of guilt or imposes a period of incarceration as a condition of probation or community control, the period shall not exceed 364 days and incarceration shall be restricted to either a county facility, a probation and restitution center under the jurisdiction of the Department of Corrections, or a community residential facility owned or operated by the Salvation Army or any other private entity providing such services." In an entirely new section added to section 948.03, subsection (5)(b) states: "It is the intent of the Legislature that a county jail be used as the last available alternative for placement of an offender as a condition of probation."

The legislative scheme, therefore, is that a misdemeanant may be incarcerated as a condition of probation, but the incarceration should be as minimal as possible, i.e. incarceration in a county jail should be the last available alternative.