The Honorable Elmer O. Friday, Jr. Circuit Judge 20th Judicial Circuit 4th Floor, Courthouse Punta Gorda, Florida 33950
Dear Judge Friday:
You ask the following question:
 Whether juveniles convicted of a second-degree misdemeanor may be placed on probation for no more than sixty days, at the end of which the state has no further jurisdiction.
In sum, I am of the opinion that:
 A juvenile convicted of a second-degree misdemeanor may be placed on probation for a maximum period of six months.
When a child is adjudicated by a court to have committed a delinquent act,[1] the court has several options in disposing of the case.[2] The court, however, upon the child's motion or upon its own motion, may suspend the disposition and place the child on probation in a community control program under terms prescribed by the court.[3]
Section 39.11(4), F.S., in pertinent part, provides:
 Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense.[4]
In G.W.M. v. State,[5] the district court interpreted the effect of s. 39.11(3), F.S. (renumbered as 39.11[4], F.S., by s. 80, Ch. 86-220, Laws of Florida), along with s. 39.11(1)(c), F.S.,[6] to allow commitment of a child for an indeterminate period of time until the child is discharged by the department or reaches the age of nineteen, but not to exceed the maximum term of imprisonment which an adult may serve for the same offense.
When a person has been convicted of a misdemeanor of the second degree, the sentence may be by a definite term of imprisonment not to exceed sixty days.[7]
Generally, probation cannot be extended beyond the maximum permissible sentence for an offense, unless expressly provided by law.[8]
Section 948.04(1), F.S., in pertinent part, provides:
 Defendants found guilty of misdemeanors who are placed on probation shall be under supervision not to exceed 6 months unless otherwise specified by the court.
The Supreme Court of Florida, in Smith v. State,[9] has determined that s. 948.04, F.S., allows a court to place a defendant who has been convicted of a second-degree misdemeanor on probation for six months, even though the maximum term of imprisonment is sixty days.[10] It would appear, therefore, that a juvenile convicted of a misdemeanor of the second degree could be placed on probation for a period of six months, just as an adult could be for the same offense.
I trust these informal comments assist you in resolving the issue you have raised.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 39.01(9), F.S., defines "[c]hild who has committed a delinquent act" to mean "a child who, pursuant to the provisions of this chapter, is found by a court to have committed a felony, a misdemeanor, contempt of court, or a violation of a local penal ordinance and whose case has not been prosecuted as an adult case. . . ."
[2] See, s. 39.11(1)(a)-(g), F.S., giving the court the power to place the child in a community control program, commit the child to a licensed child-caring agency, commit the child to the Department of Health and Rehabilitative Services, revoke or suspend the driver's license of the child, require the child to render a public service in a public service program, order restitution by the child or parent(s), or order the child to participate in a community work project.
[3] See, s. 39.11(8), F.S.
[4] See also, s. 39.11(1)(a)1., F.S., providing when a child is placed in a community control program and "supervision or a program of public service is ordered by the court, the duration of such supervision or program shall not be longer than the sentence that could be imposed if the child were committed for the offense."
[5] 391 So.2d 738 (4 D.C.A. Fla., 1980).
[6] Section 39.11(1)(c), F.S., provides, in part, that when a child is committed to the department, "the term of the commitment shall be until the child is discharged by the department or until he reaches the age of 19."
[7] See, s. 775.082(4)(b), F.S.
[8] See, Watts v. State 328 So.2d 223 (2 D.C.A.Fla., 1976), in which the court concluded that a court may not place a defendant on probation for a period of time exceeding the period of the maximum sentence which may be imposed.
[9] 484 So.2d 581 (Fla. 1986).
[10] See, Smith at 582, where the court acknowledged that a misdemeanor of the second degree is the only degree of crime for which the maximum time for probation is greater than that for imprisonment.