PER CURIAM.
The appellant, a minor, seeks review of his conviction as an adult and his sentence to three years in prison and two years community control, following his conviction on two counts of manslaughter.
This case arose out of an automobile-train collision. The appellant, driving with a suspended license, drove past a barricade at a railroad crossing. The collision resulted in the death of both of his passengers. An information was filed charging the appellant with two counts of manslaughter. He was taken to juvenile court where the state, based upon the appellant’s past driving record, moved for a waiver of jurisdiction to try the appellant as an adult. After hearing thereon, the juvenile court granted the motion, waived jurisdiction and transferred the case to the criminal division of the circuit court to try the appellant as an adult for the crime of vehicular homicide, a third degree felony. He was then processed as an adult on the charge of two counts of manslaughter, resulting in the convictions and sentences appealed herein.
The appellant contends the criminal division of the circuit court lacked jurisdiction to try the appellant as an adult on the charge of manslaughter, a second degree felony, when the waiver entered by the juvenile court pursuant to Section 39.-02(5)(a), Florida Statutes (1989), vested jurisdiction in the circuit court only for the purpose of trying the appellant for the crime of vehicular homicide, a third degree felony.
The state contends that once a case is removed from the juvenile court, that court does not have the authority to tell the state what particular charge to file. The charge of manslaughter includes the lesser included offense of vehicular manslaughter. Finally, because the sentence imposed is less or the same as that for vehicular manslaughter, any error would be harmless. We agree. Brantley v. State, 279 So.2d 290 (Fla.1973); Section 924.33, Florida Statutes (1991).
Affirmed.
BARKDULL and NESBITT, JJ., concur.