LEHAN, Judge.
Defendant appeals the 10 years probation he received as part of a probationary split sentence upon resentencing after his first appeal in Grant v. State, 573 So.2d 1055 (Fla. 2d DCA 1991). We affirm his probationary split sentence.
In the first appeal this court reversed defendant’s sentence because it was an upward departure without written reasons. At resentencing, the trial court imposed the probationary split sentence of 7 years prison to be followed by 10 years probation. A probationary split sentence is a valid sentencing alternative. See Poore v. State, 531 So.2d 161, 164 (Fla.1988). The trial court followed the mandate of this court at resentencing by imposing what is clearly a guidelines sentence.
The case on which defendant principally relies, Winkle v. State, 422 So.2d 984 (Fla. 2d DCA 1982), is distinguishable. In Winkle, the combined incarceration and probation exceeded the statutory maximum. The crux of defendant’s argument is the position that the 10 years probation is superfluous because it is unenforceable under the circumstances of this case. He argues that his probation is unenforceable because even if he violated his probation, the one-cell bump provided by the guidelines would only expose him to a 9-year sentence, which he claims to have already served.
Even if we agreed with defendant’s argument, which we do not, the record contains an order, entered the day after defendant’s resentencing, granting credit for time served. The order does not show that he is entitled to anything approaching 9 years credit. If defendant disputes that, our af-firmance is of course without prejudice to his seeking a correct determination of credit for time served.
Defendant also argues that while the trial court dismissed a count for aggravated battery, the final judgment fails to reflect that fact. The record indicates that the court did not formally dismiss the charge, though the court did say, after hearing defense counsel’s double jeopardy argument, that “[t]he aggravated battery will be subsumed into the armed robbery charge.” It also appears that the state, the court, and defense counsel all agreed that points for that crime should be deleted from the scoresheet. While the court probably intended that the aggravated battery count be dismissed, the fact remains that it never so ruled. Since the state on appeal does not agree that the court dismissed the aggravated battery count, we remand for a resolution of the issue. O’Neal v. State, 566 So.2d 375 (Fla. 5th DCA 1990).
Affirmed in part and remanded.
SCHOONOVER, C.J., and PATTERSON, J., concur.