LAWRENCE, Judge.
Donald Lee Fleming, Jr. (Fleming) and Timothy Michael Collins (Collins) were convicted of theft of a credit card,[1] obtaining goods with another’s credit card,[2] grand theft,[3] and forgery of credit card receipts.[4] Collins and Fleming were sentenced to serve three years’ probation on each count concurrently.
The facts, briefly stated, are as follows. A credit card was stolen from the victim’s locker in a Pensacola health club (Pensacourt), on January 29, 1991; nine unauthorized credit card charges were made on that day. The victim’s wife obtained photos from Pensac-ourt of persons who matched the general description given by vendors of those who had made the unauthorized purchases. She presented the photos to the vendors; they identified Collins and Fleming. She then went to the police with the information and photos. Officer Peacock prepared two six-photo lineups and showed them to the vendors; the vendors identified Collins and Fleming.
Collins raises six issues here. Only three merit discussion. He argues that the trial judge should have suppressed his photo-identifications. Reliability is the linchpin in determining the admissibility of identification testimony. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The determination of reliability depends on the totality of the circumstances. Id. The factors to be weighed in determining reliability are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness’s degree of attention; (3) the accuracy of the witness’s prior description of the criminal; (4) the level of certainty demonstrated in the identification; and (5) the time elapsed between the crime and the identification. Id.
Collins’ identification issue lacks merit. Witnesses Pearson, Ray, and Pitman each had ample time to view Collins at the time of the crime (Pearson and Ray for about fifteen minutes; Pitman for about five minutes); they each focused considerable attention on Collins for specific reasons (Pearson because he grabbed a number of shirts of different sizes and brought them right to the counter; Ray and Pitman because he asked about the most expensive car cover in the store). Each witness was certain of* his or her identification (Pearson was “very certain” immediately; Pitman identified Collins *993 “pretty quick” and “without a doubt” once he saw the second lineup, and did not make a “positive” identification in the first lineup; Ray likewise identified Collins with certainty when she viewed the second lineup, and declined to make a positive identification in the first lineup). Each witness identified Collins within three or four weeks of the crime. Each witness’s description of Collins generally was accurate.[5] The trial judge properly concluded that the identifications were reliable and correctly refused to suppress them or grant a new trial based on them.
Collins argues, and the State concedes, that there is no evidence to support his conviction for grand theft; we reverse this conviction. Collins’ claim of sentencing error also is meritorious, as the State concedes. The trial court sentenced Collins to three years’ probation under count I (credit card theft) to run concurrently with all other counts. Section 817.60(1), Florida Statutes (1991) (credit card theft), provides that any person who violates it is subject to penalties set forth in section 817.67(1), Florida Statutes (1991). Section 817.67(1) provides that a person subject to it is guilty of a first-degree misdemeanor. Section 948.15(1), Florida Statutes (1991), provides that a defendant found guilty of a misdemeanor shall be subject to supervision for not more than six months, unless otherwise specified by the court, or unless the use of alcohol is a significant factor in the offense (then probation may extend to one year); there is no evidence in the record that alcohol was a factor in any offense. Thus, there is no authority for imposing a three-year probationary sentence for a misdemeanor. Collins’ sentence of probation in count I must be reduced to no more than the maximum provided by law.
The record contains competent, substantial evidence to sustain Collins’ convictions except for grand theft. We therefore affirm the remaining convictions.
Fleming presents two issues here. He argues that the photo-lineup by which he was identified should have been suppressed. We disagree. Witnesses Chatwood, Tarkow-ski, Fuller, and Johnson each had ample time to view Fleming at the time of the crime (most for fifteen minutes); they focused considerable attention on him for specific reasons (he was acting suspicious, he bought the most expensive jeans in the store without trying them on); each immediately was certain of his or her identification (within seconds); and each identified Fleming within a mere two days of the crime. Fleming generally met the physical description provided by the witnesses.[6] The trial judge properly concluded that the identifications were reliable under Manson v. Brathwaite and correctly refused to suppress the identifications or grant a new trial based on their alleged defects.
Fleming also argues that a conflict of interest existed because his counsel also represented Collins.[7] Fleming must show actual conflict and prejudice to prevail on this issue. Foster v. State, 387 So.2d 344, 345 (Fla.1980). Because he has shown neither, this issue lacks merit.
We however reverse Fleming’s conviction for grand theft, for which there is no supporting evidence. We accordingly affirm in part, reverse in part, and remand for consistent proceedings.
SMITH and KAHN, JJ., concur.

. §§ 817.60(1), 817.67(1), Fla.Stat. (1991).

. § 817.481, Fla.Stat. (1991).

. § 812.014(l)(a)(b), (2)(c)(l), Fla.Stat. (1991).

. § 831.01, Fla.Stat. (1991).

.Pearson described Collins as the clean-cut, All-American, military type, 5'11 "—6' tall, 176 pounds, with blondish brown hair; Pitman described him as around 5'9''—5'10" tall, medium build, 130-140 pounds, with close-cropped, short, light brown hair; Ray described him as 5'10"-5'11" tall, 170-180 pounds, with short, sandy-blond hair. Collins, who is in the military, described himself as 5'7", 155-165 pounds, with brown hair. Collins, wearing “mousse” in his hair at the time of trial, admitted that his hair was darker at trial than it was in his photo taken near the time of the crime.

. Fleming has brown hair, is 5'8" tall, and weighs 173-175 pounds; he was described as having brown/blond hair, 5'5"-5'7" tall, and weighing 150-155 pounds.

. Counsel, whose name is Collins, is not related to defendant Collins.