643 So.2d 1146 (1994)
STATE of Florida, Petitioner,
v.
Francisco DEL REY, Respondent.
Nos. 94-628, 94-680.
District Court of Appeal of Florida, Third District.
October 5, 1994.
Rehearing Denied November 9, 1994.
*1147 Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for petitioner.
Mark King Leban, Miami, Simon T. Steckel, Coral Gables, for respondent.
Before HUBBART and BASKIN and JORGENSON, JJ.
HUBBART, Judge.
This is a consolidated petition for a writ of certiorari and an appeal, both brought by the state, seeking review of a non-final order waiving juvenile jurisdiction over the respondent Francisco Del Rey and authorizing the state to prosecute the respondent as an adult. The state challenges that portion of the order which (1) reduces the three filed charges of manslaughter by culpable negligence with a weapon [§§ 782.07, 775.087(1)(b), Fla. Stat. (1993)] to manslaughter by culpable negligence [§ 782.07, Fla. Stat. (1993)], and (2) precludes the state from filing an information charging the respondent as an adult with an offense other than the offenses on which the court waived juvenile jurisdiction or any lesser included offenses thereof.

I
First, we dismiss the state's appeal from this non-final order for lack of jurisdiction. There is no Florida Supreme Court rule of procedure which authorizes the state to appeal from a non-final order in a juvenile delinquency case, as here, and, accordingly, this court has no jurisdiction to entertain the state's appeal. It is clear that only a Florida Supreme Court rule of procedure can authorize the state to take an appeal to this court from a non-final order in a criminal or juvenile delinquency case. State v. Pettis, 520 So.2d 250 (Fla. 1988); see also State v. Smith, 260 So.2d 489 (Fla. 1972); 4 Florida Criminal Practice Service § 11.37 (1993). This is so because Article V, Section 4(b)(1) of the Florida Constitution provides that this court "may review interlocutory [non-final orders] ... to the extent provided by rules adopted by the supreme court." Moreover, Fla. R.App.P. 9.140(c) authorizing the state to appeal from certain non-final orders entered in a "criminal case[]" has no application to a juvenile delinquency case, as here, even if it were otherwise applicable, which is dubious in any event. State v. M.G., 550 So.2d 1122 (Fla. 3d DCA), rev. denied, 551 So.2d 462 (Fla. 1989).
We have not overlooked Section 39.069(1)(b)(1), Florida Statutes (1993), which *1148 purports to authorize the state to appeal from "[a]n order dismissing ... any section of a [juvenile delinquency petition]" where other sections remain pending. This statute, however, is ineffective  even if it were otherwise applicable, which is doubtful  because a statute can only authorize the state to appeal from a final order, not a non-final order such as the one entered in the instant case. Pettis. Nor can it be said that the subject order is appealable as a final order "dismissing a [juvenile delinquency] petition" under Section 39.069(1)(b)(1), Florida Statutes (1993), because an order waiving juvenile jurisdiction and certifying the juvenile for trial as an adult, as here, is not a final order from which such an appeal can be taken. See R.J.B. v. State, 408 So.2d 1048 (Fla. 1982); In re D.W., 616 So.2d 620 (Fla. 4th DCA 1993).

II
Second, we dismiss the petition for a writ of certiorari, without passing on the merits thereof, because the state has failed to establish that the order sought to be reviewed "may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate," Brooks v. Owens, 97 So.2d 693, 695 (Fla. 1957)  an essential requirement for certiorari review. This is so because the circuit court below has not completely passed on the issues raised by the state's petition, and, consequently, the state has not been irreparably injured by the order sought to be reviewed. The circuit court, in its waiver order, precludes the state from prosecuting the respondent as an adult on the charge of manslaughter by culpable negligence with a weapon [§§ 782.07, 775.087(1)(b), Fla. Stat. (1993)]. The state, however, has since filed a five-count information charging the respondent as an adult with inter alia three counts of manslaughter by culpable negligence with a weapon [§§ 782.07, 775.087(1)(b), Fla. Stat. (1993)] on the theory that the prior circuit court order precluding the filing of the subject three counts should be reconsidered. The respondent, in turn, has filed a motion to dismiss these three counts and to transfer the respondent back to his juvenile status solely as to these counts where, presumably, he may be prosecuted as a juvenile while also being prosecuted as an adult on the remaining two counts. The basis for this motion is that the state has no legal authority to file an information against a fifteen-year-old child, as here, when the order waiving juvenile jurisdiction does not authorize such a filing. The circuit court has yet to rule on this motion and clearly has jurisdiction, when it so rules, to revisit the merits of the waiver order, just as it has jurisdiction to revisit and alter any other interlocutory order entered in the case; the fact that the waiver order was entered by a predecessor circuit judge does not, of course, change this result. Tingle v. Dade County Bd. of County Comm'rs, 245 So.2d 76 (Fla. 1971); Batista v. Batista, 553 So.2d 1281 (Fla. 3d DCA 1989).
If the circuit court agrees with the state's legal position on the respondent's motion to dismiss [in which the state challenges the validity of the waiver order's limitation on its power to file adult criminal charges against the respondent] and therefore denies the subject motion, the state's petition for a writ of certiorari becomes entirely moot. On the other hand, if the circuit court agrees with the respondent's legal position on the motion [that the waiver order correctly restricts the state's power to file adult criminal charges against the respondent] and therefore grants the respondent's motion to dismiss, the state has an adequate remedy to appeal this non-final order to this court as one taken from "an order ... dismissing ... any count [of an indictment or information]" in a criminal case where, as here, other counts remain pending. Fla.R.App.P. 9.140(c)(1)(A). In sum, then, the state has not been irreparably injured by the order sought to be reviewed, and, therefore, certiorari review of such order does not lie. Brooks.
We emphasize that we do not pass on the merits of the state's petition for a writ of certiorari as the issues raised therein are not ripe for review. The circuit court in ruling on the respondent's motion to dismiss is privileged to rule on the merits of the subject motion, as any decision thereon has not been predetermined by the waiver order.
Appeal dismissed; certiorari dismissed.