PER CURIAM.
In February of 1994, a circuit judge sitting in the juvenile division of the Dade County circuit court entered a waiver order under *1259 section 39.052(2), Florida Statutes (1993), transferring a child, Del Rey, for criminal prosecution to the criminal division of the circuit court, where the action is now pending. See State v. Del Rey, 643 So.2d 1146 (Fla. 3d DCA 1994). The juvenile has now filed a motion, purportedly under Florida Rule of Juvenile Procedure 8.140, to set aside the waiver order on grounds that it was procured by fraud or misrepresentation. The particular juvenile division circuit judge who entered the waiver has, on his own motion, set that motion for hearing. In this proceeding, we grant the state’s application to preclude him from doing so.[1]
As we clearly indicated in the prior appearance of this case in State v. Del Rey, 643 So.2d at 1146, its pendency in the criminal division renders it inappropriate and improper for any judge but the individual presiding over the criminal proceeding itself to rule upon the issues presented. See Iglesias v. State, 599 So.2d 248 (Fla. 3d DCA 1992); Johnson v. State, 379 So.2d 704 (Fla. 3d DCA 1980), cert, denied, 388 So.2d 1114 (Fla.1980); State v. D.R.S., 344 So.2d 317 (Fla. 1st DCA 1977). See generally State v. Gary, 609 So.2d 1291, 1294 (Fla.1992) (“the interests of justice require a rule designed to inhibit trial courts from engaging in a ‘ping-pong game’ by transferring a case back and forth, thereby jeopardizing the rights of parties and undermining public confidence in the judicial function”).
Accordingly, certiorari is granted and the order setting the cause before the respondent judge is quashed.[2]
Petition granted.

. We conclude that prohibition, as sought by the state, does not lie because every circuit judge has subject matter "jurisdiction” to consider any matter pending in the circuit court. See In re Peterson, 364 So.2d 98, 99 n. 1 (Fla. 4th DCA 1978). However, we treat the papers before us as an application for certiorari to review the order setting the pending matter before the juvenile division judge and quash it as a departure from the essential requirements of the law.

. Our determination makes it unnecessary to consider the real questions as to whether Florida Rule of Juvenile Procedure 8.140 is applicable to waiver orders at all or whether the particular ground upon which the motion is based in this case is cognizable under these circumstances.