PER CURIAM.
 

 Marius Sloan challenges the order of the postconviction court summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The State charged Sloan with burglary with an assault or battery and misdemeanor battery, and a jury convicted him of the lesser-included misdemeanor offenses of battery and assault. The trial court placed Sloan on twelve months’ probation on the battery conviction, with 320 days’ specified residence in the county jail as a condition of probation, and six months’ probation on the assault conviction, with sixty days’ specified resi
 
 *687
 
 dence in the county jail as a condition of probation. The probationary sentences were to run consecutively, but the 320 days and sixty days of specified residence in the county jail were to run concurrently. The trial court awarded Sloan 259 days of jail credit for the time he spent in jail prior to trial.
 

 Sloan’s rule 3.800(a) motion raises two claims. First, he contends that his sentence of six months’ probation on count two exceeds the statutory maximum for a second-degree misdemeanor. He contends that a second-degree misdemeanor is punishable only by a term of imprisonment not exceeding sixty days. A defendant who is convicted of a second-degree misdemeanor may either be placed on probation for six months or may be sentenced to a maximum of sixty days in jail.
 
 Smith v. State,
 
 484 So.2d 581 (Fla.1986). The trial court placed Sloan on probation for six months with a condition that he reside for sixty days in the county jail. Such a sentence is permissible.
 
 Id.
 
 at 582.
 

 Sloan next contends that his sentence for battery is an illegal split sentence because the 320 days in jail combined with the twelve months on probation exceed the one-year statutory maximum for a first-degree misdemeanor. Sloan misapprehends the nature of his sentence. The trial court did not sentence him to 320 days in the county jail followed by one year on probation, but rather sentenced him to one year on probation with a special condition that he spend 320 days in jail. Accordingly, his sentence does not exceed the statutory maximum of one year.
 

 Affirmed.
 

 DAVIS, KELLY, and VILLANTI, JJ„ Concur.