ALTENBERND, Judge.
Dennis Tluczek appeals his order of revocation of probation and the sentence imposed thereon. Despite the fact that Mr. Tluczek appears to have spent several months in the Lee County Jail on an obviously illegal sentence, and despite other concerns demonstrated by the record, we are constrained to affirm.
Mr. Tluczek was arrested on December 11, 2011, and later charged with burglary of a dwelling, as a second-degree felony, and criminal mischief, as a second-degree misdemeanor. These charges arose because Mr. Tluczek was essentially stalking a woman at her home. Except for a few days, he was in jail at all times until he entered a no contest plea on March 29, 2012.
Our record contains neither a transcript of the change of plea and sentencing hearing nor a written, negotiated plea agreement. But our record does contain a signed, written plea form that reflects that Mr. Tluczek entered a plea of no contest to trespass of a structure,[1] a second-degree misdemeanor, and to criminal mischief. Thus, his plea appears to have been an open plea involving a lesser offense. On March 29, the circuit court entered a judgment adjudicating Mr. Tluczek guilty of these two second-degree misdemeanors. Various costs and fees and a fine of $250 were imposed in the written sentencing documents. For the criminal mischief conviction, the trial court sentenced Mr. Tluc-zek to sixty days in jail. For the trespass conviction, the court sentenced him to a period of twelve months’ probation.
Because Mr. Tluczek had already served 109 days in jail when these sentences were imposed, he was immediately released from jail to serve his term of probation. A twelve-month term of probation for this second-degree misdemeanor in this case was almost certainly incorrect. However, it appears that Mr. Tluczek did not appeal that sentence. Regardless, almost immediately after his release from jail, Mr. Tluczek returned to the woman’s home in *732 violation of the terms of his probation. As a result, he was arrested and returned to jail on March 30. .
On May 7, 2012, the circuit court held a hearing on the violation of probation.[2] Mr. Tluczek did not plead to the violation. The court conducted an eviden-tiary hearing, a transcript of which is in our record. After finding that Mr. Tluc-zek had violated his probation, the court revoked his probation and sentenced him to 270 days in jail for the offense of trespass with credit for the 148 days that he had already served. Mr. Tluczek then filed this timely appeal.
Given that the maximum incarcerative sentence for a second-degree misdemeanor is 60 days,[3] it is very difficult to understand why someone in the courtroom did not notice the mistake in sentencing Mr. Tluczek to 270 days in jail on his second-degree misdemeanor conviction for trespass. Moreover, by the time the revocation hearing took place, Mr. Tluczek had already served 28 days more than the maximum legal sentence for his two see-ond-degree misdemeanors. Mr. Tluczek apparently returned to jail and served the full length of his 270-day sentence. Although he appealed, he had fully served this illegal sentence before his appellate attorney had a record from which she could have discovered the-error.
In addition to the sentencing error, the order of probation revocation, which the circuit court entered on May 7, is also flawed. It indicates that Mr. Tluczek admitted the violation of probation and that the court accepted his admission. That is incorrect. Additionally, the court entered a second judgment, convicting Mr. Tluczek a second time for the trespass. Hopefully, this stray document will not prejudice Mr. Tluczek. See Johnson v. State, 17 So.3d 1290 (Fla. 2d DCA 2009).
What may be even more problematic is the fact that the court entered a cost order in May that contains the same costs, fees, and fine as those imposed in March. Perhaps the clerk of court in Lee County treats such orders as mere duplicates. *733 But at the end of the revocation hearing, the court announced: “50 to the State. 50 to the Public Defender. All financial obligations referred to the clerk of courts for collections.” Given that the costs, fees, and fines in the order total more than $750 and provide $100 to the Public Defender Application Fee and $100 to the costs of prosecution, there appears to be a conflict between the oral pronouncement and the written order. Frankly, we wonder whether the order on costs, fees, and fines was designed to be an order for use in a felony conviction and not a misdemeanor conviction. Without a transcript of the original plea hearing, we do not know what costs, fees, and fines were orally imposed at that time.
These errors, however, are not preserved or otherwise cannot be corrected by this court at this time.
Affirmed.
CASANUEVA and BLACK, JJ., Concur.

. § 810.08(1), Fla. Stat. (2011).

. After Mr. Tluczek’s attorney filed an initial brief, this court asked the parties to file briefs addressing whether the circuit court had jurisdiction over the misdemeanor probation such that it could revoke probation. In their briefs, the parties maintain that the circuit court had continuing jurisdiction to revoke misdemeanor probation and to resentence Mr. Tluczek for this misdemeanor. We recognize that a circuit court has jurisdiction to enter a judgment and sentence on only a misdemeanor offense, as a lesser offense, when the information properly charges a felony. See § 26.012(2)(d), Fla. Stat. (2011). We do not decide in this case whether that exclusive original jurisdiction includes supervision of the misdemeanor probation once the defendant is serving that probation. At least as a practical matter, if supervision of this probation had been transferred to a county court it is unlikely that a county judge would have imposed a 270-day jail term for a second-degree misdemeanor.

. § 775.082, Fla. Stat. (2011). Generally, under the sentencing options for adults, "[a] defendant who is convicted of a second-degree misdemeanor may either be placed on probation for six months or may be sentenced to a maximum of sixty days in jail.” Sloan v. State, 10 So.3d 686, 687 (Fla. 2d DCA 2009) (relying on Smith v. State, 484 So.2d 581 (Fla.1986)); see also § 948.15(1), Fla. Stat. (2011). However, there appear to be exceptions to these general rules. See, e.g., § 775.0837, Fla. Stat. (2011) (concerning habitual misdemeanor offenders); Collins v. State, 626 So.2d 991, 993 (Fla. 1st DCA 1993) ("Section 948.15(1), Florida Statutes (1991), provides that a defendant found guilty of a misdemeanor shall be subject to supervision for not more than six months, unless otherwise specified by the court, or unless the use of alcohol is a significant factor in the offense (then probation may extend to one year).”). Nothing in this record suggests that any exceptions to these general rules were applicable here.